SIDNEY S. GRANNIS

*vs.*

THE ST. PAUL AND CHICAGO RAILWAY COMPANY.

Simmons v. St. Paul & Chicago Railway followed.

The evidence in this case considered and determined to be sufficient to justify the verdict and that it does not appear therefrom that the damages are excessive.

This case, and the one immediately preceding it, are of precisely the same nature; were tried in the same court, at the same term, and both come here on appeals taken by defendant from the refusals of the court below to grant new

Grannis v. The St. Paul and Chicago Railway Co.

trials. The same questions which were discussed and decided in that case, arise here, upon the same state of facts; but in this, additional reasons are urged by the defendant why the court erred in denying a new trial, to-wit: that the verdict of the jury is not justified by the evidence, and that the damages assessed are excessive, appearing to have been the result of passion and prejudice; respecting which the case is sufficiently stated in the opinion.

PHELPS & TABER, and SEAGRAVE SMITH, for Appellant.

WILDER & WILLISTON, for Respondent.

*By the Court.*—RIPLEY, CH. J.—The opinion in the preceding case of Simmons vs. the St. Paul and Chicago Railway Co. disposes of the questions raised by this appeal, except as follows:

It is urged in this case, that the verdict is not justified by the evidence, and that it is for excessive damages, appearing to have been the result of passion and prejudice. The land taken is part of a block of water lots in Red Wing, and is a strip taken off the whole shore front, three hundred feet long; forty-four feet wide at one end, and fifteen feet at the other; and the track is laid upon an embankment eight and one-half feet high at one end, and seven at the other.

Three witnesses called by plaintiff, put the value of the land taken at one thousand dollars; two at one thousand and fifty dollars; one at one thousand one hundred dollars; one at one thousand two hundred dollars; one other witness put it at nine hundred dollars. The jury returned a verdict for nine hundred and fifty dollars.

The defendant contends that the plaintiff's testimony, when analyzed, shows that the entire value of the property at the

time of the taking, consisted in its use for anchorage and booming purposes, and adaptability for a mill site; that for the former purposes it has not been impaired, or its value diminished; that in order to make it available for milling purposes, the preparation would cost more than the block would be worth when prepared; that this being so, an unprejudiced jury would have necessarily come to the only logical conclusion, viz.: that the value to the plaintiff of the land taken, was simply the value of the strip taken, considered by itself; that, except to that extent, the block was injured for no purpose, and to no extent; that such value of the strip taken, being put by nobody at over three hundred dollars, the verdict is conclusive evidence of bias and prejudice existing among the people, and influencing the jury.

As, in our judgment, one of defendant's premises, viz.: that the evidence shows, that to make the block available for milling purposes, the preparation would cost more than the block would be worth when prepared, is not established by the testimony, aforesaid, we cannot of course adopt the conclusion to which the defendant's argument would bring us.

The plaintiff's witnesses all base their opinion of the value of the property on the fact that it is a desirable site for a saw-mill. All contemplate that there must be a foundation made, either by filling in, or piling. Without going into details, we are of opinion, that no one of these witnesses conveys the idea, in his direct, or cross-examination, that it would cost more to adapt the ground for a mill, than it would be worth when prepared. Such a proposition, indeed is inconsistent with the defendant's admission that the value consisted in part, of its availability for mill purposes; for such a site would appear to be possessed of no market value therefor. Some of the witnesses state that they do not know what the cost of the necessary filling or piling would be; but that is

Grannis v. The St. Paul and Chicago Railway Co.

only ground for an argument to be addressed to a jury as to the value of the opinion of such an one; and on the other hand, a man may, of course, be able to form an accurate opinion of the value of such property for such purposes, without being able to state what it would cost to improve it.

One witness, a civil engineer, states, on cross-examination, that it would cost from two to three thousand dollars to fill in so as to build a mill upon it   He adds, that it would not be worth, if filled, twelve hundred and fifty dollars more than the expense, and that it would not be worth anything, if it could *not* be used without filling; and also states that it would cost from four to five thousand dollars to fill in to high water mark, and would then be worth from fourteen to fifteen hundred dollars.

But, we think, that though the testimony of the witness is certainly confused, he is to be understood as meaning, that if the whole block were filled, it would not be worth what the filling would cost; for on his re-direct examination, while he repeats that it would cost more to fill it than it was worth, he says the block, as an entire property, was worth twelve hundred and fifty dollars, and he had said on his direct examination, that it was valuable only as a mill-site.

The defendant relies on the statement of its engineer, that he had computed the cost of the piling necessary to prepare the foundation for a mill, and found it to be two thousand five hundred and eighty-three dollars and sixty cents.

But this has no tendency to establish its proposition, unless plaintiff's witnesses had testified that if the necessary foundation cost as much as that, the property would not be worth what they put it at, and we do not see that they did.   The language of the witness above referred to, might be so construed, taken literally and by itself, but, as already stated, we do not think that his evidence is to be so understood.

The jury too were the judges of how much weight were the calculations of the engineer. The testimony upon which these were based, was not so specific as to require the jury to place implicit confidence in their accuracy.

The mode of getting at the value of the land taken, differed, on plantiff's part, from that pursued in Simmons' case, only in this, that to the questions there put, was added the further inquiry, "What was the value of the part taken ?" or, in some instances, "What was the value of the land taken, valued in connection with the part not taken ?"

As the appellant agrees that " the value of the land taken," is not that of the mere strip itself, but of the strip, together with such additional value as attaches thereto by reason of its use, in connection with adjacent land of its owner, we do not see that this third question was objectionable. It simply asked the witness, after stating, for example, that the whole block was worth fifteen hundred dollars, and the part left five hundred dollars, to make the necessary subtraction, and state the difference in value by reason of the taking, which was the result sought.

The defendant, indeed, in its argument in Simmons' case, refers to the course pursued in this case, as less objectionable than the one there taken, by reason of the omission in the latter, of this third inquiry. We do not see, therefore, that any remarks are needed on this point, in addition to what is there said.

Order appealed from affirmed.