Joseph Scott *vs.* St. Paul & Chicago Railway Company.

Feb. 24, 1875.

Condemnation of Land—" Value of Land taken," Construed.—Section 13, ch. 1; Laws 1857, (Ex. Sess.,) in providing for the appraisal of the " value " of lands taken by the M. & P. R. Co. for right of way, employs the word " value," as embracing not only the value of the strip of land taken, as an isolated parcel of land, but such additional value as attaches to it by reason of its connection with adjacent land of the same owner.

**Same—What Estate is Acquired by Railroad Company.**—Said § 13 provides that upon condemnation of land for the purposes of its railway, the company shall acquire "an absolute estate in fee simple," in the land condemned. *Held*, that if, by reason of any constitutional provision, the company could acquire nothing more than an easement, by condemnation, this provision of § 13 would be qualified accordingly.

**Same—Award of Compensation—Interest on Award—Tender.**—This is an action of trespass, in which defendant justifies its appropriation of plaintiff's land by setting up a condemnation and award, under and in compliance with said § 13, and a due tender of the amount awarded. The award was filed December 2, 1870, at which time it must be taken to have been made. The alleged tender was made December 4, 1870, so soon after the filing of the award that the plaintiff's claim that the tender should have included interest on the award, may be disregarded. *Held*, that the jury were correctly instructed as follows: "If you find, from the testimony in the case, that the plaintiff was, immediately after the filing of the award, notified of the fact, and of the amount of the award to him, and that, after said notice, and before the defendant entered on said premises, the defendant, by its agent, or otherwise, offered to pay him (the plaintiff) the amount of the award, and had the means and money then and there to pay him, and he refused to accept the same, it released the defendant from any further obligation, except to keep the money so offered in readiness to be paid, at any time thereafter, on demand."

Appeal by plaintiff from an order of the district court for Goodhue county, *Crosby*, J., presiding, refusing a new trial.

*J. C. McClure*, for appellant.

*Smith & Van Slyck*, for respondent.

BERRY, J.  Plaintiff complains that defendant, without authority, entered upon, took possession of, and otherwise appropriated his land to the purposes of its railway, and this action of trespass is brought to recover damages therefor.  Defendant had a verdict, and from an order refusing to set the same aside and grant a new trial, the plaintiff appeals to this court.

Defendant justified the entry and appropriation, by setting up a condemnation and award, under and in compliance with § 13, ch. 1, Laws 1857, (Ex. Sess.,) and a due tender of the amount awarded.

In support of his appeal, the plaintiff argues that § 13 is unconstitutional, because, where the condemnation is, (as in the present instance,) for right of way, provision is made for appraising the "value" of the strips of land actually taken, and this does not afford the *compensation* to which

the land owner is entitled. The answer to this position is that the word "value," as used in § 13, embraces not only the value of the strip, as an isolated parcel of land, but includes also such additional value as attaches to it by reason of its connection with adjacent land of the same owner. *Simmons* v. *St. P. & C. R. Co.*, 18 Minn. 184; *Grannis* v. *Same*, 18 Minn. 194; *Colvill* v. *Same*, 19 Minn. 283.

The plaintiff further argues that § 13 is unconstitutional, because it provides that under the proceedings for condemnation, the defendant shall acquire "an absolute estate in fee simple" in the land condemned, whereas it is entitled to acquire an easement only,—"a franchise of way," in the language of our constitution, art. 10, § 4. The answer to this position is that if the defendant could not, by reason of any constitutional provision, acquire anything more than the easement, the effect of § 13 would be limited accordingly; and the defendant would be permitted to acquire, not "an absolute estate in fee simple," but the easement only, the former—the greater— including the latter, the less.

With reference to these objections to § 13, this is as far as the exigencies of the case require us to go; and among other things, we need not enquire whether or not the charter under which defendant proceeded, and in which § 13 is found, is, (as is contended by plaintiff's counsel,) controlled by our state constitution, which was adopted subsequently to its enactment, or whether it is controlled, if at all, by the federal constitution only. In any event, the objections referred to are sufficiently disposed of for this case. See *Gray* v. *First Div. St. P. &. P. R. Co.*, 13 Minn. 315.

The only other points made by plaintiff which need be specially considered, relate to the sufficiency of defendant's tender of the amount awarded to the plaintiff by the commissioners. The award was filed December 2, 1870, at which time it must be taken to have been made, as the filing is the only official evidence that it has been made at all. The alleged tender was made December 4, 1870, so soon after the filing of the award that the plaintiff's claim

that the tender should have included interest on the award may be disregarded.

The court instructed the jury as follows: " If you find from the testimony in the case that the plaintiff was, immediately after the filing of the award, notified of the fact, and of the amount of the award to him, and that, after said notice, and before the defendant entered on said premises, the defendant, by its agent or otherwise, offered to pay him (the plaintiff) the amount of the award, and had the means and money then and there to pay him, and he refused to accept the same, it released the defendant from any further obligation, except to keep the money so offered in readiness to be paid, at any time thereafter, on demand." The instruction was entirely correct. If the plaintiff refused to accept the money under the circumstances mentioned in the instruction, (as the evidence tended to show,) the law did not require the defendant to perform the idle ceremony of producing and offering it to him.

Order denying new trial affirmed.