MARY GREVE and Husband *vs*. FIRST DIVISION OF THE ST. PAUL & PACIFIC RAILROAD COMPANY.

June 12, 1879.

**Eminent Domain—Compensation, where Railroad has been built on the Land before Condemnation.**—The charter of defendant, in terms, authorized it to enter upon lands, and construct and operate its road over them, in advance of making compensation for the lands taken. Some years before instituting proceedings to obtain the right of way over lands of plaintiff, it entered upon a strip of land belonging to plaintiff, constructed its road over it, and has been in possession of and operating its road over the same ever since. In so taking possession of said strip, and constructing its road over it, it intended to make such strip a part of its general line, and ultimately to secure, in the manner provided by law, the right to retain and use the land for that purpose. In proceedings to ascertain the compensation to be paid to the owner for right of way across the land, *held*, that although the clause in the charter authorizing the defendant to enter upon and construct its road over lands, without having first made compensation for the lands taken, was void, and the defendant was a trespasser in so entering, and whatever it affixed to the soil became a part of, and strictly belonged to the owner of the soil, yet, as in these proceedings, the question is, what is just, fair and equitable compensation to be paid to the owner for taking the land, and damages arising from taking the same, such owner is not entitled to have included, as a part of such compensation, the value added to the land by the road-bed, ties, rails, etc., placed on it by defendant.

The defendant having instituted proceedings to condemn certain land of the plaintiff Mary Greve, over which it had long before constructed and operated its railroad, she and her husband appealed to the district court for Ramsey county, where the case was tried before *Wilkin,* J., and a jury. The plain-

tiffs requested the court to instruct the jury that the road-bed, ties and iron placed on the land in question by the defendant and remaining annexed thereto when the report of the commissioners was filed, were part of the realty, and belonged to the owner of the land; and that allowance must be made for the value of the land as it then stood, including such grading and improvements. The court refused so to charge, and the plaintiffs excepted. They bring this appeal from an order denying their motion for a new trial.

*J. B. Brisbin* and *Wm. P. Warner,* for appellants, cited *Ford* v. *County Com'rs,* 64 Me. 408; *Central Bridge* v. *City of Lowell,* 15 Gray, 106 ; *San Francisco, etc., R. Co.* v. *Mahoney,* 29 Cal. 112; *Railroad Co.* v. *Owen,* 8 Kans. 409 ; *Dearborn* v. *Railroad Co.,* 17 N. H. (4 Foster,) 179 ; *Robbins* v. *Railroad Co.,* 6 Wis. 636 ; *Driver* v. *Railroad Co.,* 32 Wis. 569; *Graham* v. *Comerville, etc., R. Co.,* 36 Ind. 463 ; *In matter of Long Island R. Co.,* 6 N. Y. Sup. Ct. 298 ; *Davis* v. *San Lorenzo R. Co.,* 47 Cal. 517; *U. S.* v. *Certain Land in Monterey Co.,* 47 Cal. 515.

*Geo. L. & Chas. E. Otis,* for respondent.

GILFILLAN, C. J. It appears that, prior to instituting any proceedings to ascertain and pay the compensation to be paid for taking the land in controversy, the defendant, the railroad company, constructed and was operating its road across such land. It instituted such proceedings in 1870, and in those proceedings the question arises, is the owner entitled to have the amount which the company must pay for the right of way estimated upon the basis of the value of the land, including the road-bed, ties, rails, etc., laid on it by the company, or of the value of the land without those improvements?

The question is new in this court. The cases in this court, referred to by the plaintiff, have very little bearing upon it. *Gray* v. *First Div., etc., R. Co.,* 13 Minn. 315, and *Hursh* v. *First Div., etc., R. Co.,* 17 Minn. 439, and *Warren* v. *First Div., etc., R. Co.,* 21 Minn. 424, hold that until compensation is made to the owner, a railroad company has no right to take

possession of land and construct its road on it; and the cases of Hursh and Warren hold that, in the case of this company, the time of filing the report by the commissioners is the time which is to be taken for the purpose of fixing the compensation. In *Brisbine* v. *St. Paul & Sioux City R. Co.*, 23 Minn. 114, Brisbine was a riparian owner on the Mississippi river. The city of St. Paul for a street, and the railroad company for its track, had filled in front of his lot into the river, raising the bed of the river above the surface of the water, and on this raised land the company had laid its track. The company contended here that Brisbine was not entitled to any compensation for this raised land. The court held that he was. The proposition that the value which the city or company had added to the land, by raising it, should be excluded in estimating the compensation, was not made in nor passed upon by this court.

In this case, the company, having entered upon the land without making compensation, and, so far as the case shows, without the consent of the owner, was (technically, at least,) a trespasser; and I have no doubt that where a trespasser affixes anything to the soil, it becomes, in strict law, a part of the soil, and belongs to the owner of it; and if the value of the land taken, at the time when taken, is to be the sole measure of compensation for the taking, this would be conclusive of the plaintiffs' right to have the value of these ties, rails, etc., included. But while the value of the land taken is a very important, and in many cases the controlling, element, it is not, as has been frequently held by this court, the sole consideration in arriving at the amount of compensation. Thus, in *Winona & St. Peter R. Co.* v. *Denman*, 10 Minn. 208, (267,) it was held that where the land taken was part of a larger parcel used as a farm, the commissioners were not confined to the damage done to, or the value of, the land actually taken, but might inquire into the effect of the taking upon the whole tract; and also that the expense to the owner of fencing, rendered necessary by the construction of the

road, is a proper element of damage. In *Winona & St. Peter R. Co.* v. *Waldron,* 11 Minn. 392, (515,) it was held that in a like case special benefits to the part not taken were to be deducted from the damage caused by the taking of the part taken. In *Colvill* v. *St. Paul & Chicago Ry. Co.,* 19 Minn. 283, increased exposure to fire of buildings on the land not taken was held to be a proper element of damage. In *Scott* v. *St. Paul & Chicago Ry. Co.,* 21 Minn. 322, the charter provided that, on appeal from the award of commissioners, the jury should assess the value of the land taken; and the court construed the word "value" to embrace not merely the value of the land taken, as a separate parcel, but also such additional value as attached to it by reason of its connection with adjacent land of the same owner; and in *Warren* v. *First Division, etc., R. Co.,* 21 Minn. 424, it was held that where the jury assess the damages as of the date of the award of the commissioners, interest should be allowed on the amount of the verdict from the date of the award to the entry of judgment, except where the owner has, between the award and verdict, had the actual possession and use, and derived benefit and value therefrom, in which case such value should be deducted from the interest. All these cases proceed on the ground that the value of the land taken is not in all cases to be the measure of compensation, but that, when necessary to make the compensation just, fair and equitable, as the constitution (art. 1, § 13; art. 10, § 4,) requires, the compensation allowed may be more or may be less than such value. This reduces the inquiry in this case to the point, does just compensation require that the plaintiff should be allowed the value which the company has added to the land by laying its track upon it?

That, in an action of ejectment, she might recover the track with the land, does not dispose of the question, for in such action the parties would rest on the technical rule as to what constitutes the realty, and she would recover the whole or

none. The sole question in such case would be, what belongs strictly to the realty? The question of what the company ought in justice to pay for taking the land for public use, could not enter into nor affect the case.

It was conceded on the argument that the company took possession of the land some years before proceedings to obtain the right of way were commenced, and constructed its road over it, and has been operating the road ever since. When the proceedings were commenced does not appear; but it is not questioned on the argument that in taking possession of, and constructing its road over the land, it intended to make this a part of its general line, and ultimately to secure, in the manner prescribed by law, the right to retain the land for that purpose; and the company was operating under a charter which in terms authorized it to enter upon, and construct and operate its road over, the land in advance of making the compensation required by the constitution. Although, notwithstanding this, the company was, under the decisions of this court upon the constitutionality of this part of the charter, a trespasser in constructing its road over the land without first making just compensation, we think these facts ought to be considered when the question between the company and the owner is, what is just compensation to be made by the former to the latter for the taking?

When we are not bound down by the technical rules of property, but may enter into the consideration of what, under the circumstances, is just and equitable between the parties, we can see no reason for allowing the plaintiff the value of the road-bed, ties and rails which the defendant has placed upon the land. The court below was right in excluding such value, and the order denying a new trial is affirmed.

BERRY, J., *concurring.* I agree to the general conclusion arrived at by the majority of the court in this case, viz., that the plaintiff is not entitled to recover for the road-bed, ties

and rails; but I dissent from the reasoning by which that conclusion is reached. I think that, with some modification, the reasons given for an analogous conclusion by the supreme court of Pennsylvania, in *Justice* v. *Nequehoning Valley R. Co.,* 87 Pa. St. 28, are much more sound and satisfactory.