## STATE OF MINNESOTA vs. J. N. HYDE.

### September 13, 1880.

**Intoxicating Liquor—Sale to Minors, etc.**—Gen. St. 1878, c. 16, § 10, describes two distinct and separate offences, and prescribes a punishment for each. An indictment under the first and second sentences of the section need not allege any notice forbidding a sale, such as is mentioned in the subsequent provisions of the section.

**Objection to Evidence—"Same as Above."**—An objection in either of these forms—"objected to the same as above," or "as above"—only indicates such grounds of objection as are stated in the last preceding objection made, and the trial court may properly treat it as such.

**Same—No Ground stated.**—An objection which discloses no ground therefor presents no question for a ruling, and a decision overruling the same is not error.

Evidence *held* sufficient to sustain the verdict.

The defendant was tried, and convicted in the district court for Martin county, *Dickinson*, J., presiding, on an indictment charging that "the said J. N. Hyde, on the 16th day of December A. D. 1878, at the village of Fairmont, Martin county, Minnesota, did sell and dispose of unto Jay B. Colton, then and there a minor person, intoxicating liquors in a certain quantity, the exact quantity being to this grand jury unknown, contrary to the statute," etc. A motion for a new trial was denied, and judgment was rendered, and the defendant appealed.

*Benj. G. Reynolds* and *J. L. Higgins*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

CORNELL, J. Section 10, of chapter 16, of the General Statutes of 1878, provides for two distinct offences, and prescribes a separate and different penalty for each. The first two sentences of the section relate to one of these offences, and the rest of the section exclusively to the other. As is not unfrequently the case with our statutes, the second sentence contains an inaccuracy of expression, which is clearly the result of an inadvertence, for the context makes it sufficiently manifest that reference was had solely to the preceding portions of the section, in the clause therein declaring that "any person violating any of the provisions of this section shall be guilty of a misdemeanor," etc. The offence charged in the indictment in this instance is one described in the first sentence of the section, which provides that "it shall be unlawful for any person to sell, give, barter, furnish, or dispose of, in any manner, either directly or indirectly, any spirituous, vinous, malt or fermented liquors, in any quantity whatever, to any minor person, or to any student," etc. To make out this offence, no written notice was required to be shown, such as is mentioned in the concluding sentence of this section. The point, "that the indictment fails to allege, and the evidence to show, that the defendant was forbidden to sell to Colton, the minor, or that he was a student," was not well taken, as neither fact was essential or material.

At the trial, after proving the fact that the defendant was engaged in the business of keeping a saloon, and selling spirituous, vinous and malt liquors, at Fairmont, under a license, from July 17, 1878, to January 17, 1879, the prosecution called as a witness one Austin Belden, who testified that he was in defendant's saloon several times during December, 1878, but was unable to state who was usually behind the bar, and that he was also in there once about the 16th of that month, with J. B. Colton. Thereupon several questions were put to said witness, tending to prove, and the answers to which tended to prove, that the witness Colton, and another

by the name of Belden, were in the saloon on that day, and then and there treated each other to liquor and beer, and paid therefor the person who was tending the bar at the time, who, as witness thought, was one Callahan; it being left in doubt, however, whether Hyde, the defendant, was present or not, although witness stated that he did not think Hyde was present in the saloon when Jay (meaning Colton) drank. These questions were severally objected to by the defendant, on the general grounds of immateriality and incompetency, no particular reasons therefor being specified, and the objections were overruled and exceptions taken. There can be no doubt that the evidence sought by these inquiries was both competent and material, in case the transaction was authorized by the defendant. As the want of such authority was not made a specific ground of objection at the time, it was within the discretion of the court to allow proof of it to be made at any time during the progress of the trial; and an omission by the court requiring it to be done in the first instance, especially as its attention was not called to the matter in regard to the order of proof, cannot be assigned as error. The rulings upon the objections made, therefore, furnish no ground for a new trial.

Next after these rulings were made, J. B. Colton was sworn, and, after testifying as to what the "J" in his name stood for, the defence interposed an "objection to the introduction of any further and all testimony under the indictment, on the ground that the name of said Colton was not properly laid or stated in the indictment." This was overruled, and an exception duly taken. The correctness of this ruling is not questioned on this appeal, as, in fact, it could not well be. After this ruling, numerous objections were made by defendant to the introduction of evidence, in this language: "Objected to, same as above;" "objected to, as above." The trial court was fully justified in treating all these objections as based solely upon the same grounds as the last preceding one made and ruled upon, which related to the alleged defect in the indict-

ment as to the name of Colton.  Thus considered, the rulings
thereon and the exceptions taken present no ground of error.

Aside from the objections already noticed, defendant made
none during the trial to the introduction of any evidence
offered and received, except in a few instances, in which no
ground for the objections whatever was stated; and as these
presented no point for a ruling, they were properly disre-
garded and overruled.

The only other question properly before us for considera-
tion upon the record herein is as to the sufficiency of the
evidence to support the verdict; and, as to this point, the
court is satisfied that there was sufficient competent evidence
in the case, tending to prove the allegations in the indict-
ment, to sustain the verdict.

Judgment and order affirmed.