STATE OF MINNESOTA *vs.* WILLIAM McGINNIS. (1st Case.)

December 8, 1882.

**Intoxicating Liquors—Sale to Minor.**—In a prosecution for the sale of intoxicating liquor to a minor, under Gen. St. 1878, c. 16, § 10, which forbids "any person" to so dispose of intoxicating liquors, it is not material whether the accused was a person licensed to sell intoxicating liquors, nor whether his occupation was one of those named in the latter part of the same section, (saloon-keeper, etc.)

**Same—Distinct Offences.**—The latter part of the section, prescribing penalties to be imposed upon any of the classes of persons there named who should, after notice, sell intoxicating liquors to minors, creates an offence distinct from that indicated in the former part of the section.

**Justice Court—Criminal Action—Return of Evidence.**—In the trial of a criminal action a justice of the peace is not required to keep a record of all the evidence, nor, upon appeal upon questions of law, is he required to return all the evidence given upon the trial. · A certification and return of the justice of such evidence as being all of the evidence given upon the trial, being unauthorized, constitutes no part of the official return of the justice, or of the record of the cause in the appellate court. Hence the appellate court cannot consider the matter so certified for the purpose of determining whether the judgment is sustained by sufficient evidence.

Defendant was convicted before a justice of the peace of selling malt liquors to a minor, and sentenced to pay a fine of $25 and costs. On appeal to the district court for Rice county, upon questions of law alone, the judgment was affirmed by *Buckham, J.*, and defendant appealed.

*J. B. & T. H. Quinn*, for appellant.

Gen. St. 1878, c. 16, § 10, makes it a penal offence for "any person" to sell malt liquors to a minor. In the same section the language is modified by "tavern, hotel-keeper, grocer, saloon-keeper, distiller, brewer, or any other person having or keeping intoxicating liquors." Section 11 of the same chapter makes the finding of liquor on one's premises *prima facie* evidence of the commission of an offence. It would not be contended that the mere finding of beer in a private house would be sufficient. If "any person," in section 10,

included any besides those enumerated in the section, there would be no occasion for section 16, subjecting druggists, apothecaries and others to its penalties.

*W. J. Hahn,* Attorney General, for the State.

DICKINSON, J. The defendant was prosecuted before a justice of the peace upon a charge, by complaint, of selling "malt liquor" to a minor. From a judgment of conviction the defendant appealed, upon questions of law alone, to the district court, where the judgment was affirmed. From such judgment of the district court this appeal is taken.

1. We are asked to consider the fact that there is no allegation or proof that the defendant was a person licensed to sell liquor, or that he was a "tavern or hotel-keeper, merchant, grocer, saloon-keeper, distiller, brewer, or ᐟ * * * other person having or keeping any such intoxicating liquors." It was not necessary to allege or prove such facts. The act defining this offence (Gen. St. 1878, c. 16, § 10) forbids "any person" to sell intoxicating liquor to minors. The question of license has nothing to do with such a case, nor is the occupation of the accused material. The statutory prohibition is not imposed merely upon the classes of persons specifically named in the latter part of the section. That part of the section relates to a distinct offence from that prescribed in the former part of the section. *State* v. *Hyde,* 27 Minn. 153. The force of the words "any person," in that part of the act prescribing the offence here charged, is not qualified or limited by the language of the act which relates to an entirely distinct offence.

2. A reversal is sought upon the ground that the only evidence as to the character of the liquor sold was that it was "beer," and hence that it was not shown to have been "malt liquor."

One convicted upon a criminal charge before a justice of the peace may appeal to the district court "upon questions of law alone," as was done in this case, or "upon questions of fact alone, or upon questions of law and fact." Upon an appeal on questions of law alone, the cause is to be tried in the district court "upon the return of the justice." When the appeal is upon either one of the grounds named, the cause is to be tried anew in the district court. The perti-

nent question upon this appeal is, What constitutes "the return of the justice," upon which alone the cause is to be determined in the appellate court? More precisely, the question is whether the evidence given upon the trial before the justice constitutes a part of such return, so that it can be considered for the purpose of determining whether the evidence sustains the judgment.

The statute requires the justice, upon appeal being taken, to "make a return of all the proceedings had before him, and cause the complaint, warrant, recognizance, original notice of appeal, with proof of service thereof, and return, and all other papers relating to said cause and filed with him, to be filed in the district court." Gen. St. 1878, c. 65, § 159. The statute requires the justice in criminal cases to enter the cause in his docket, and to "keep all such other entries as are required in civil actions." Gen. St. 1878, c. 65, § 142. The record which the justice is required to keep in his docket in civil actions consists of the title of the cause, the time of issuing process, its nature, when returnable, and the return of the officer; time of appearance of parties; statement of the nature and amount of plaintiff's demand, and of any set-off that may be pleaded; adjournments; time and mode of trial; verdict of jury; judgment and time of issuing execution, with particulars in reference thereto; the taking of an appeal; satisfaction of judgment; questions of law raised by either party; the order of the court thereon; exceptions; and all other matters that are material. Gen. St. 1878, c. 65, § 7. Such is the record which the justice is required to keep in civil actions, and hence, by the terms of the statute above cited, in criminal actions, so far as these provisions are applicable to criminal actions. The statute contains no provision indicating that it is the duty of the justice in a criminal case to keep a record of the evidence given upon the trial. The prescribed duty of the justice to "make a return of all the proceedings had before him," when considered in connection with the statute particularly specifying the nature of the record to be kept by him, cannot fairly be construed as requiring a return of all the evidence given upon the trial. It not being the duty of the justice to keep a record of the evidence, or to certify the same to the district court as a part of his return, it cannot be considered by the

district court upon appeal, for the purpose of determining whether the conviction was supported by sufficient evidence, nor can it be considered in this court. It is no part of the record in the cause.

This conclusion is supported by the decision in *Barber* v. *Kennedy*, 18 Minn. 196, (216, 231,) where, on appeal in a civil action, the question arose touching the taxation of costs by the justice, whether the testimony of certain witnesses upon the trial before the justice had been directed to the same facts upon which two other witnesses had testified. It was decided that the court, upon appeal, could not look into the minutes of testimony returned by the justice to ascertain the fact in question. Subsequent to the decision in *Barber* v. *Kennedy*, the statute relating to appeals in civil actions was amended by the addition of a provision, that, upon an appeal upon questions of law alone, the justice should, upon the request of either party to the suit, return to the district court "a true transcript of all the evidence given upon the trial," which should be filed as a part of the return. Laws 1873, *c.* 66. (Gen. St. 1878, *c.* 65, § 116.) This amendment affected only the statute relative to civil actions. By implication, it may perhaps be regarded as requiring the justice to keep a record of the evidence in such actions, so that he may return the same, if required by the parties, upon appeal being taken. But the conclusion cannot be drawn from this that it was the intention of the legislature also to change the law relating to criminal actions, so that it should be the duty of the justice to keep a record of the evidence in such actions, and to return it, upon appeal, to the district court.

Our conclusion is that the statute provides no method of bringing before the appellate court, upon appeal from the judgment of a justice of the peace in criminal actions, all of the evidence taken upon trial; that a return of such evidence, made by the justice, constitutes no record in the cause, and is not a part of the "return" upon which, only, an appeal "upon questions of law alone" is to be determined, and that the assumption in this case by the defendant that upon the trial there was no proof, except of the sale of "beer," simply, is not sustained by any record before us. It must hence be presumed, upon this appeal, that there was evidence sufficient to sustain the judgment.

In *State* v. *Mahoney*, 23 Minn. 181, this court did refer to a return of evidence made by a justice of the peace, and considered from it that the evidence given upon the trial was insufficient to sustain the conviction; but both the parties treated such return as properly presenting for adjudication the question there decided, and the point which we are now required to decide was not suggested nor considered.

The judgment appealed from is affirmed, and the cause remanded to the district court for further proceedings therein.