CEDAR RAPIDS, IOWA FALLS & NORTHWESTERN RAILWAY COMPANY *vs.* JAMES RYAN and another.

May 25, 1887.

**Eminent Domain—Part of Farm taken—Damage to Farm as a Whole —Evidence.**—The appellant's road crosses respondent's farm, composed of 160 acres, near the west boundary line thereof. *Held,* following the established rule in this court, that damages to the whole tract might properly be considered by the jury in estimating respondent's damages, and also that evidence of the market value of the whole farm before the appropriation of the right of way through the same by the railway company, and of the market value of what remains to the owner after the taking and occupation thereof, was properly received. The opinions of witnesses as to the probable future use of real estate are not competent to be received, but the eligible situation of land near a village or city, and the effect thereof upon the present value of the land, is a proper subject for consideration.

Appeal by the railway company from an order of the district court for Rock county, *Perkins, J.,* presiding, refusing a new trial in condemnation proceedings.

*Daniel Rohrer,* for appellant.

*Chas. C. Willson* and *E. H. Canfield,* for respondent.

VANDERBURGH, J.   The respondent owns and occupies the S. E. ¼ of section 2, in township 102, of range 45. The petitioner sought to acquire a right of way 100 feet in width across the same, near the west boundary thereof.

1. The evidence sufficiently shows that this quarter-section was the farm of respondent, occupied by him, and it is so described and referred to by the witnesses, and the respondent's residence is situated on the same, near the centre of the tract.    It was properly treated as one tract, and the damages to the entire quarter-section were properly considered. *Wilmes* v. *Minn. & N. W. Ry. Co.*, 29 Minn. 242, (13 N. W. Rep. 39.)

2. As respects the proof of respondent's damages, witnesses familiar with the value of the land were allowed to give evidence of the value of the whole tract per acre before the appropriation of the land taken, and after such taking and occupation thereof by the railroad company.    This method was according to the usual course and practice in the courts of this state, as allowed and sanctioned by this court.

3. The allowance of the question put by respondent's counsel to the witness Bullis, on his cross-examination, as to whether there was a fair prospect that this land would be wanted for town lots some day, was, we think, error without prejudice.    The witness had testified that the land was close to the town, and the road would run between it and the town.    The eligible situation of the land, and the effect of the railroad upon it, in so far as these facts might affect the question of its present value, were proper subjects for consideration. *Sherman* v. *St. Paul, M. & M. Ry. Co.*, 30 Minn. 227, (15 N. W. Rep. 239;) *Russell* v. *St. Paul, M. & M. Ry. Co.*, 33 Minn. 210, (22 N. W. Rep. 379.)    But no estimate was made by any witness, in whole or in part, upon the supposed future value of the land for town lots, but all the witnesses testified to its then actual market value, and the court gave the jury proper instructions on the subject, and the proper rule for estimating the damages.

4. The strip of land taken on the westerly margin was not accurately defined in the questions put to some of the witnesses, but it is evident that they knew the situation of the land, and no prejudice could have arisen from this cause.

We discover no ground for disturbing the decision of the court below.

Order affirmed.