### HARRIET W. HAYNES *vs.* CITY OF DULUTH.

### December 7, 1891.

**Eminent Domain—Taking Part of Tract for Street—Measure of Compensation.**—In proceedings to condemn lands for a public street under the charter of the city of Duluth, where a portion of one entire tract is taken, it is proper to admit evidence of the fair marketable value of the whole tract, and also the fair marketable value of the property not taken; and an instruction to the jury that they may properly award the difference, as the damages or compensation to be allowed, is not error.

**Same — General or Speculative Benefits — Instructions. —** General or speculative benefits or advantages are not to be considered by either witnesses or jurors in their estimates, but it is for the party desiring it to ask for instructions to that effect.

In proceedings for a street opening in Duluth, the commissioners awarded $200 as compensation for injury to five acres of land, owned in undivided halves by plaintiff and another. Plaintiff appealed to the district court for St. Louis county, where the action was tried before *Stearns, J.,* and verdict of $25 rendered in her favor. She appeals from an order refusing a new trial.

*Henry C. James* and *Hollembaek & Wood,* for appellant.

*S. D. Allen,* for respondent.

VANDERBURGH, J. This was a proceeding to assess the amount of compensation to be awarded to the plaintiff for opening a street through lands belonging to the appellant and a co-owner, lying in the city of Duluth. The land is chiefly valuable for use as city prop-

erty. The land on each side of it is platted into lots and streets, and, in order to be available for such purpose, the appellant's land must also be platted. The land proposed to be taken by the city is required for an extension of Seventh avenue, already laid out on either side, so as to make a continuous thoroughfare. At the conclusion of the testimony in the case, the court charged the jury of its own motion as follows: "The only question for you to consider in this case is, how much less, if anything, is this entire tract of land worth with the proposed extension through it of Seventh avenue than it would be without such extension?" To this instruction the appellant excepted, but asked no special additional or explanatory instructions. The sole matter in issue was, as respects the land affected, the just compensation due the land-owner for the appropriation of that portion of the land required for the particular improvement, which obviously would include the value of the land taken and damages to the entire tract resulting from the opening of the street, less the special benefits to the land therefrom.

While the language of different statutes in this state upon this subject is not uniform, yet it is generally construed to refer to the same general rule of damages or compensation. Thus in *Scott* v. *St. Paul & Chicago Ry. Co.*, 21 Minn. 322; *Simmons* v. *St. Paul & Chicago Ry. Co.*, 18 Minn. 168, (184;) *Greve* v. *First Div., etc., R. Co.*, 26 Minn. 66, (1 N. W. Rep. 816,)—the court construed the language of a charter providing for an assessment of the "value" of the land taken to be intended to mean its value as related to or connected with an entire tract, and hence to embrace compensation for damages to the whole. And so it is generally understood, and in practice, on the trial of this class of cases, it is usual to offer evidence of the value of the land with and without the proposed improvement. *Simmons* v. *St. Paul & Chicago Ry. Co.*, 18 Minn. 168, (184,) *St. Paul & Sioux City R. Co.* v. *Murphy*, 19 Minn. 433, (500;) *Emmons* v. *Minn. & St. Louis Ry. Co.*, 41 Minn. 133, (42 N. W. Rep. 789;) *San Francisco, etc., R. Co.* v. *Caldwell*, 31 Cal. 368. In *Canandaigua, etc., R. Co.* v. *Payne*, 16 Barb. 273, the statute required the commissioners to determine the compensation to be made to the owner of the land proposed to be taken, to be appraised by them, and it

was held that they were to consider how the taking would affect that portion of the lots in question not taken; and that the proper inquiry for the commissioners would be, what was the fair marketable value of the whole property? and then, what would be the fair marketable value of the property not taken? And this rule has met with general approval. *San Francisco, etc., R. Co.* v. *Caldwell*, 31 Cal. 368; Pierce, R. R. 210, 211; 2 Wood, Ry. Law, 900. There is nothing in the language of the city charter which requires the application of a different rule in this case.

Upon the trial, in connection with the plat of the land in question, showing the proposed improvement and adjacent platted lands, the testimony of the witnesses related wholly to the value of the land, and its value as affected by the improvement; that is to say, the value of the remaining portion of the tract after the opening of the street. Of course, in estimating the relative values, neither the witnesses nor the jury are permitted to consider general or speculative benefits or advantages, but such only as are peculiarly incident to the remaining portion of the particular tract, and it is proper that they should be so advised. The basis of the opinions or estimates of the witnesses may be ascertained and tested by cross-examination. In the absence of such examination, or any evidence suggesting that a wrong rule has been applied in giving or weighing the testimony, it will not be presumed that either the witnesses or jury have erroneously included improper elements in their estimates of damages or benefits. There was no error, therefore, in the instruction given to the jury. If the testimony based on the rule stated was proper, the instruction was proper. It would have been proper, however, for the court to instruct the jury in respect to the distinction between general and special benefits as applicable to such cases; but, as the point was overlooked by the court, it was evidently the appellant's duty, if she desired further instructions, to ask for them.

Order affirmed.