DULUTH & WINNIPEG R. Co. vs. F. D. WEST et al.

Argued Oct. 10, 1892. Decided Oct. 27, 1892.

**Eminent Domain—Damages to Land not Taken.**

Application of the rule that in assessing damages for taking private property for public use damages to the tract of which the property taken was a part may be included.

**Value—Future Annexation to City.**

The fact that provision has been made by law for bringing real estate within the corporate limits of a city may be considered in ascertaining its market value.

**Evidence.**

Evidence *held* to sustain the verdict.

Appeal by the Duluth & Winnipeg Railroad Company, from an order of the District Court of St. Louis County, *Ensign,* J., made January 23, 1892, refusing a new trial.

May 16, 1891, the Duluth & Winnipeg Railroad Co. filed its petition to condemn a right of way one hundred and twenty-five feet wide, across the southwest quarter of the southwest quarter of section thirty-four, (34,) Township 49, Range 15 West, in St. Louis County, owned by George J. McManus. Commissioners were appointed, and filed their report September 16, 1891, awarding McManus $5,000 for the land taken and for damages to the rest of the tract. McManus appealed from this award to the District Court, and the case was tried November 21, 1891. The jury awarded him $6,-666.66. From an order denying its motion for a new trial the Railroad Company appealed.

*W. A. Barr*, and *J. B. Douglas*, for appellant.

The land was a single tract, and the damages should have been assessed to it as an entirety. *Winona & St. Peter R. Co.* v. *Denman*, 10 Minn. 267, (Gil. 208;) *Minnesota Valley R. Co.* v. *Doran*, 15 Minn. 230, (Gil. 179.)

The court erred in admitting in evidence Sp. Laws 1891, ch. 56, extending the limits of the city of Duluth so as to take in the land in controversy. This evidence, as affecting the value of the land, was too remote. *Russell* v. *St. Paul, M. & M. Ry. Co.*, 33 Minn. 210; *Watson* v. *Milwaukee & M. R. Co.*, 57 Wis. 332.

*A. E. McManus*, and *Davis, Kellogg & Severance*, for respondent.

The appellant cannot complain that the respondent asked no damages to a certain part of his land. But the tracts were inaccessible to each other, and have never been used together, and respondent would not have been entitled to damages to the land as an entirety. *Minnesota Valley R. Co.* v. *Doran*, 15 Minn. 230, (Gil. 208;) *Cameron* v. *Chicago, M. & St. P. Ry. Co.*, 42 Minn. 75.

Sp. Laws 1891, ch. 56, was properly admitted in evidence. It tended to affect the market value of land at the time of the taking. *Russell* v. *St. Paul, M. & M. R. Co.*, 33 Minn. 210; *Cedar Rapids, I. F. & N. W. Ry. Co.* v. *Ryan*, 37 Minn. 38; *Eastern R. Co.* v. *Boston & Maine R. Co.*, 111 Mass. 125; *Washburn* v. *Milwaukee & L. W. R. Co.*, 59 Wis. 364.

GILFILLAN, C. J. Respondent owned a forty-acre tract of land. The right of way of the St. Paul & Duluth Railroad, running across it east and west, cut it in two in such a way as to make it practically two tracts. It does not appear that after such division the two pieces were ever used, or that they could be used, for a common purpose as one tract, in the sense that a farm, though cut in two by a railroad, may still be used and be practically one farm or tract. The appellant instituted these proceedings to condemn for its right of way a strip containing three or four acres, running across the tract east and west, some distance south of the right of way of the St. Paul & Duluth Railroad Company. On the assessment of damages before a jury on an appeal from the award of commissioners, the respondent, after stating that he did not ask for damages to the part of the forty north of the St. Paul & Duluth Railroad Company right of way, and proving the value of the strip to be taken by appellant, offered to prove the damage by reason of the taking to the remainder of the part of the tract south of the St. Paul & Duluth Railroad right of way. This was objected to on the ground that the entire forty was one tract, and it is urged that the measure of damages in such cases is the value of the land taken, with the damage by reason of the taking to the remainder of the entire tract of which that taken is a part, added. The southern part of the forty was, for the purpose of assessing the damages, to be regarded as a distinct tract. Certainly the jury might, from the evidence, have found it to be so, and the evidence offered was proper.

But, conceding that theoretically the entire forty was one tract, we do not see how the appellant could be in any way prejudiced by the course taken on the trial. If the damage to the whole forty was greater than to the part of it south of the St. Paul & Duluth Railroad right of way, of course appellant cannot complain that respondent was content to take the damage to that part. It could complain only on the proposition that the aggregate damage to the two parts was less than the damage to one part, and, in the situation of the property, that could not be, unless, what there is nothing in the case to suggest, there were special benefits to the north part, to be offset against the damage to the south part. So that, even if the mode

pursued to show the damage was irregular, no prejudice to appellant could have ensued.

The respondent was allowed, against appellant's objection, to introduce in evidence Sp. Laws 1891, ch. 56, extending the limits of the city of Duluth so as to take in the land in controversy, to take effect, as counsel state, in 1895. The objection urged against this is that, as affecting the value of the land, it is too remote, and merely speculative. Upon the question of what may be considered as affecting the matter of value it was held in *Russell* v. *St. Paul, M. & M. Ry. Co.,* 33 Minn. 210, (22 N. W. Rep. 379,) that "any existing facts, which enter into the value in the public and general estimation, and tending to influence the minds of sellers and buyers, may be considered." It is a matter of common knowledge that the fact that real estate lies within the corporate limits of a city, as fixed by law, and therefore entitled to the advantages to be derived from city government, does affect its value in the public and general estimation. That provision has been made by law for including it, at a not distant period, within such corporate limits, must have, to a greater or less extent, the same effect. The act making such provision was therefore competent.

The evidence justified the verdict.

Order affirmed.

(Opinion published 53 N. W. Rep. 197.)