IN RE IMPROVEMENT OF THIRD STREET, ST. PAUL.
WILLIAM C. RILEY, APPELLANT.[1]

April 12, 1929.

No. 27,126.

*O'Brien, Horn & Stringer,* for appellant.
*Eugene M. O'Neill* and *Lewis L. Anderson,* for respondent.

[1]Reported in 225 N. W. 92.

OLSEN, C.

Appeal by William C. Riley from a judgment of the district court confirming an award of damages in a condemnation proceeding.

This is in the same proceeding involved in the Ryan case, 177 Minn. 146, 225 N. W. 86. The opinion in that case is filed herewith and reference thereto is hereby made. All questions raised in this case, except as hereinafter noted, are decided by the Ryan case.

Appellant is the owner of a tract of land with a frontage of about 184.6 feet on Third street and running back about 144 feet. The property is on the northerly side of the street and fronts to the south. There is no alley in the rear of the land, and the only access over any public way is that afforded by Third street. The land is platted and consists of three full lots and parts of two others. The location is between Jackson and Robert streets, and the easterly line thereof is 60.14 feet from Jackson street. It is proposed to take from appellant's tract a triangular piece of land with a base of 27.79 feet at the east line of the tract and tapering to a point at the southwest corner thereof, the perpendicular line being the street frontage line. The area taken is 2,565 square feet out of a total of 26,635 square feet. The award made was $3,231.

It is claimed here, as in the Ryan case, 177 Minn. 146, 225 N. W. 86, that there is no sufficient showing as to the purpose for which the land is taken. It is quite clear from the maps and records that this strip is taken for the purpose of widening Third street. But it is said that there are no definite plans for the widening, and that for all that appears there may be such change of grade or other change in the street as to interfere with the access to the street from the remaining property. If there should at some future time be any such change of grade or obstruction of access to the street, appellant's right then to receive compensation for any damage done is clear. There is nothing in the present proceeding to affect or jeopardize his rights in that respect.

The important question here is whether fair compensation was awarded for the land taken. We are mindful of the rule that, if there is evidence reasonably tending to sustain the findings of the

trial court, this court may not set aside the decision on the ground that the evidence does not sustain the findings and judgment.

Appellant's property is valuable. It is located less than a block from such large buildings as the Great Northern building on Jackson street, and the Merchants National Bank and Pioneer buildings on Robert street. In 1925 old buildings standing on the property, fronting on Third street, were removed and the ground leveled off for parking space for automobiles, for which compensation is charged. It has since been used for that purpose and is valuable for such use.

There is not much dispute in the evidence as to the value of the tract as a whole. Such value is placed at not less than $66,587 and not more than $70,000. Figured in percentage, the land taken amounts to 9.63 per cent of the whole. It is reasonable, and practically conceded, that the part of the property nearest the street, out of which this strip is taken, is more valuable than the rear part of the lots. In fixing the amount of the award, the appraisers for the city figured the damages on the basis that the property taken had the same value as if taken from the rear end of the lots. This, we think, was an erroneous theory. The owner has the right to devote his property to any lawful use. When it is taken from him, he has the right to recover the market value of the land for the use to which it may be most advantageously applied and for which it would sell for the highest price in the market. King v. Minneapolis Union Ry. Co. 32 Minn. 224, 20 N. W. 135. For whatever purpose used, the strip taken from the front part of these lots would have greater value than ground at the rear.

The strip as it now lies, before it is taken, concededly has a value of over $6,390. There is no reasonable theory on which the taking away of the strip can reduce this value, unless it be on the theory of deducting therefrom some benefit that accrues to the remaining tract by reason of the widening of the street and extending the street up to the line of the remaining property. But where, as here, damages and benefits are assessed separately, there can be no such reduction in arriving at the amount of damages, which is the only

question here presented. If this strip were taken for other purposes than the widening of the street, so that the remaining tract was left without access to the street, it is clear that the owner would be entitled not only to the value of that taken, but also to damages for depreciation in the value of the remaining tract. Where part of a tract is taken, the owner is entitled to recover the value of the part taken, and in addition thereto such damages, if any, as result to the part not taken. The rule is well stated in Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 42 L. ed. 270, followed in U. S. v. Welch, 217 U. S. 333, 30 S. Ct. 527, 54 L. ed. 787, 28 L.R.A.(N.S.) 385, 19 Ann. Cas. 680; U. S. v. Grizzard, 219 U. S. 180, 31 S. Ct. 162, 55 L. ed. 165, 31 L.R.A.(N.S.) 1135; 20 C. J. pp. 730-735, § 189.

In nearly all condemnation cases which have come before this court involving the taking of part of an entire tract, the owner has claimed damages not only for the value of the part taken but also damages resulting to the part not taken, and in many of the cases there has been involved also the question of benefits to the part not taken, to be deducted from the damages. In such cases, the rule, correctly enough followed, is that the compensation to be awarded is the difference between the market value of the entire tract as it was before the taking and the market value of the remaining tract after taking away the part. But we know of no case, where benefits were not involved, in which it was held that the landowner was entitled to less damages than the market value of the part taken as it stood before the taking. The rule for taking the value of a tract or farm before and after the condemnation to measure the damages was adopted, not for the purpose of giving the owner less than the value of the part taken, but for the purpose of permitting him to recover additional damages resulting to the remainder of his property. The case of Greve v. First Div. St. P. & P. R. Co. 26 Minn. 66, 1 N. W. 816, goes only to the extent of holding that, where a railroad company had entered upon the land and laid ties and rails thereon before it condemned the right of way, the landowner was not entitled to include the value of the ties and rails as part of his damages. The case of Scott v. St. P. & C. Ry.

Co. 21 Minn. 322, is authority for the proposition that the value of the part taken is not its value as an isolated parcel but its value as attached to and forming a part of the whole tract before it is taken. In Haynes v. City of Duluth, 47 Minn. 458, 459, 50 N. W. 693, the measure of damages submitted by the court to the jury was the difference in value of the entire tract before and after the taking. This court said that this "obviously would include the value of the land taken and damages to the entire tract." In Duluth & W. R. Co. v. West, 51 Minn. 163, 53 N. W. 197, the landowner proved the value of the strip taken and then offered proof of the damages to the remainder of the tract. This was held proper.

The damages here awarded are so disproportionate to the amount which the appellant was entitled to on the evidence presented that the award is not fair and impartial.

Judgment reversed with directions to amend the findings of fact and conclusions of law in conformity herewith and to enter judgment annulling the award so far as it relates to appellant's land here in question.

Reversed.

Stone, J. took no part.