JACOB H. FAIRBANKS vs. INHABITANTS OF FITCHBURG.

Upon an issue of the value of land taken for a highway, testimony of the owner as to the probable future use of his remaining land is inadmissible.

PETITION to the county commissioners for a jury to estimate the damages caused to the petitioner by reason of the taking of a strip of his land in Fitchburg, for the purpose of laying out a highway.

At the trial before the sheriff's jury, the petitioner, who testi-fied as a witness, was asked, " What is the probable future use of your remaining land ? " The respondents objected to the question, but the presiding officer allowed it to be put, and the petitioner answered, " For manufacturing purposes." The jury found for the petitioner. In the Superior Court, the respondents objected to the acceptance of the verdict, but *Bacon*, J., accepted it, and the respondents alleged exceptions.

*G. F. Hoar & G. A. Torrey*, for the respondents, cited *Dwight* v. *County Commissioners*, 11 Cush. 201 ; *Dickenson* v. *Fitchburg* 13 Gray, 546.

*P. E. Aldrich*, for the petitioner.

COLT, J. The question put to the petitioner does not come within the class which are allowed to be put with some liberality to witnesses, where the value of real estate is in controversy. *Swan* v. *Middlesex*, 101 Mass. 173. It called for an opinion, not of the value, but of the probable future use of real estate, when upon that question, facts could only be stated from which the jury might form an opinion. The witness may have formed his opinion on facts which could not have been introduced in proof as, for instance, mere rumor or the opinions of others.

The respondents seasonably objected to both question and an-swer. We cannot see that the testimony admitted did not preju-dice them, and they must have the benefit of their exceptions.

*Exceptions sustained.*