JAMES SEXTON *vs.* INHABITANTS OF NORTH BRIDGEWATER.

Plymouth.    October 20. — 28, 1874.    AMES & MORTON, JJ., absent.

The betterment act of 1871, *c.* 382, § 1, does not repeal § 16 of the highway act, Gen. Sts. *c.* 43.

A petition to the county commissioners for a jury to assess damages, alleged that the petitioner's land had been taken by the selectmen in the alteration of a town way; and the trial was by a sheriff's jury, whose verdict was certified to and accepted by the Superior Court. *Held*, that the proceedings could not be considered by this court as proceedings under the betterment act of 1871, *c.* 382, but must be considered as proceedings under the highway act, Gen. Sts. *c.* 43.

At the trial for the assessment of damages sustained by the taking of land for a town way, under the Gen. Sts. *c.* 43, the petitioner requested an instruction that the jury, in estimating the benefits to be allowed in set-off, were to consider only the special benefit which he might have derived over and above the general benefit to him in connection with others.    This instruction the presiding officer declined to give; and instructed the jury that they should allow by way of set-off the benefit, if any, to the property of the petitioner, and that if the laying out of the way had left the petitioner's estate of more value in the market than it was before the laying out, and this benefit was not one common to the petitioner and others owning land on and in the vicinity of the way, such benefit was to be set off against any damage sustained by the petitioner. *Held*, that the petitioner had no ground of exception.

At the trial for the assessment of damages sustained by the taking of land for a town way, under the Gen. Sts. *c.* 43, the petitioner contended that the way was laid out over a private way over which he was entitled to pass, and that the laying out was of no benefit to him.    The presiding officer instructed the jury that if the private way had been opened by the owners and the public permitted to use it, it did not become a public or town way until laid out and established by the town, and that if the owners of the land had opened the way for the use of the public, with the intention that it should be used as a public way, and it had been so used, then the petitioner had a right to pass over it. *Held*, that the petitioner had no ground of exception.

On a petition for the assessment of damages sustained by the taking of land for a town way, under the Gen. Sts. *c.* 43, the burden of proof is on the petitioner to prove his right to the damages claimed by him; and if he relies on a previous

**right** of way to increase or prevent the diminution of those damages the burden is on him to prove it.

At the trial for the assessment of damages sustained by the taking of land for a town way, under the Gen. Sts. *c.* 43, the presiding officer ruled that the jury must take into consideration the more advantageous use to which the petitioner's property might be applied in consequence of opening the new street. Other instructions showed that the question whether the way was more advantageous to the petitioner was left to the jury. *Held,* that this instruction was not to be construed as a declaration that the laying out of the street was necessarily more advantageous.

At the trial for the assessment of damages sustained by the taking of land for a town way, under the Gen. Sts. *c.* 43, the jury are not to consider the liability of the petitioner to an assessment under the betterment act.

At the trial for the assessment of damages sustained by the taking of land for a town way, a witness who had been a selectman and assessor of the town may rightly testify to the difference in the market value of the petitioner's remaining estate before and after the laying out of the way, supposing the way to be made.

At the trial for the assessment of damages sustained by the taking of land for a town way, a witness who has stated that in his opinion the petitioner's remaining estate is worth three times what it was worth before the road was laid out, may state the reasons of his opinion.

PETITION to the county commissioners for a jury to assess damages for the taking of land by the respondent to lay out a town way by widening and straightening a private way extending from Main to Montello street in North Bridgewater. At the trial before a sheriff's jury, evidence was introduced to prove that a worked passage way passing the petitioner's land from Montello Street to Main Street, and more or less used by the petitioner and other abutters, had existed for about twelve years previous to the laying out of the town way; that the town way in question was laid out over this passage way, and the way widened over the petitioner's land so that the line passed through his dwelling-house. It was admitted that the title of said way was in the heirs of Nathan Hayward, deceased, and lots, on which buildings had been erected, had been conveyed to abutters by said heirs, upon condition that said way should remain open forever; but it did not appear that any such conveyance had been made to the petitioner.

The petitioner put in evidence a certified copy of the vote of the defendant town, by which it appeared that the town had voted to accept the St. of 1869, *c.* 169, § 1–3.

The respondent called as a witness one of the selectmen of North Bridgewater, who was also an assessor; and after he had

testified that the petitioner's estate was increased in value by the laying out of the way, the respondent's counsel was permitted to ask, the petitioner objecting, " What is the difference in the actual market value of the petitioner's estate, before and after the laying out of the town way in question, supposing the town way is to be built ? " to which the witness answered, " One thousand dollars is a moderate estimate of the increased value."

The respondent called Frederick Howard as a witness, and after he had testified, the petitioner objecting, that in his opinion the petitioner's estate was worth three times what it was without the road, the respondent was permitted to ask, the petitioner objecting, " What are the facts and reasons for your opinion ? " to which the witness answered, " Before the road was laid out the petitioner had no right of way from that lot over this land. The basis of my opinion is that he had no right in this way." On cross-examination the witness testified that in his opinion the laying out of the way increased the value of the estates on the way 33 per cent. Except the petitioner's deed of the premises, no evidence of title, except by parol, was introduced by either party.

The presiding officer at the request of the respondent, the petitioner excepting, instructed the jury as follows :

" 1. If the laying out of the town way has left the petitioner's estate of more value in the market than it was before the laying out, and this benefit is not one which is common to the petitioner and others owning land on and in the vicinity of said way, such benefit is to be set off against any damage sustained by the petitioner.

" 2. The uses to which the strip of land taken from the petitioner, for the purpose of the town way, would probably be applied for a sidewalk or other use, beneficial to the petitioner, may properly be taken into consideration in estimating the benefit to be set off against the damage done to his estate by the taking.

" 3. In estimating the effect upon the market value of the estate of the petitioner occasioned by the laying out of the town way and the taking of a small portion of said estate therefor, the jury are to consider the land so taken, not as it may now lie, or may have lain, at the time of the laying out, unfitted for use as

a street, but according to the prospective use of the street when wrought and fitted for use, as part of the street, for a sidewalk or carriage way. The jury are to consider the consequences of such taking of part of the land, when thus fitted as part of the street, to the residue of the petitioner's land.

" 4. If prior to the laying out of the town way, and since 1859, a way or street in substantially the same place had been opened by the owners of the land, and the public had since been permitted to use the same, such way did not thereby become a public or town way until the same was laid out and established by the town according to the ordinary mode prescribed by law.

" 5. Such throwing open of the way in this case, and permitting the public to use it, did not amount to a grant or dedication of any permanent right to the petitioner, nor impose any duty or obligation whatever upon the owners of the land, to refrain from obstructing the way. If the petitioner with others might pass over the way while it remained open, the owners might, as against him, shut it up at any time, and his right to pass over it would cease.

" 6. In estimating the effects of the laying out of this road upon the petitioner's remaining land, unless it appears affirmatively that the petitioner had before the laying out some legal right of way from his said land on and over the land included in the laying out, then the jury are to proceed upon the basis that the petitioner had no such right of way.

" 7. The jury cannot regard only the use to which the petitioner's estate is now applied, and award him a sum sufficient to secure him in that mode of enjoyment for the future; they must take into consideration the more advantageous use to which the property may be applied, in consequence of opening the new street.

" 8. The proper inquiry is, what is the value of the property before and after the road is laid out, for the most advantageous use to which it may be applied. In estimating the influence of the laying out of the street upon the value of the land, the jury are not to regard so much the intention of the owner in relation to the future use, as the purpose to which the property may be applied, in the hands of one who is disposed to make it yield the greatest income. What price will it bring in the market? is the proper inquiry."

The petitioner's counsel, after the evidence was closed, requested the presiding officer to give the following instructions to the jury:

"1. That, if the jury are satisfied that the owners of the soil over which the so-called private way or street passed, adjoining the petitioner's land, previous to the laying out in this case, opened the same for the use of the public as a highway or passway, and it had been so used by the assent of such owners for a period of twelve years or more, they may infer that such way was dedicated to the public use; and the petitioner and other abutters would have a right to pass over the same to and from their lands, especially if the original owners had sold land abutting on such way, binding themselves to keep the same open.

"2. That the jury may consider whether it is probable that the way in question would continue open to all the public as a common way, as it was used, and existed at the time of the laying out.

"3. That there being no grade named in the laying out, the jury should estimate the damages upon the basis of the continuance of the present grade, and not upon any speculative grade in the minds of witnesses, and that if there should hereafter be a change of grade, beneficial to his land, the petitioner may be liable to an assessment.

"4. That testimony as to what any witness may be willing, or may have been willing to give for the land, before or after the laying out, is not to be considered by the jury as evidence of the value of the land. The only testimony of the witnesses to be considered is, as to what may have been the fair market value.

"5. That the jury, in estimating the benefits which the petitioner may have derived, if any, by way of set-off, are to consider only the special benefit which he may have derived over and above the general benefit which he may have derived, in connection with others, in consequence of said laying out.

"6. That the jury are to ascertain and find what damage the petitioner has sustained in the taking of his land and buildings in the laying out of the way in question, and this without regard, by way of set-off, to any benefit which the petitioner's land and buildings may have derived from the laying out of the said way and the jury are not to consider the question of any benefit derived by the petitioner from the laying out of the town way."

The presiding officer declined to instruct the jury in the words requested, but gave the following instructions:

" 1. If the jury find it proved by the testimony that the owners of the land adjoining the petitioner's land, and over which the private way passed, prior to the laying out of the town way, opened the same for the use of the public, with the intention that it should be used as a public way, and it had been used by the public, with the assent of said owners, for a period of twelve years or more, then the jury may infer that such way was dedicated to the public use, and the petitioner and other abutters would have a right to pass over it to and from their estates.

" 2. The jury may take into consideration all the evidence relating to the existence of the way, and the use made of it, at the time of the laying out of the town way, and may consider the probabilities of the same use continuing, in their estimation of the damage and benefit to the petitioner by the laying out of the town way.

" 3. In estimating the damage to the petitioner by the laying out of the town way, the jury are to consider the return of the laying out, and if that states no grade at which the way is to be worked, they may consider the present grade of the street, and the situation of the petitioner's estate in relation to it, and not any speculative grade in the minds of witnesses.

" 4. Testimony of what a witness may have been willing to give for the estate in question, before or after the laying out of the town way, is not evidence for the jury to consider in estimating its value, but only evidence tending to show its fair market value is to be weighed by the jury.

" 5. The jury, in estimating the damage to the complainant by the laying out of this town way, shall regard all the damages done to him, whether by taking his property or injuring it in any manner, and shall allow, by way of set-off, the benefit, if any, to the property of the complainant by reason of said laying out.

" 6. That this petition and proceeding is not under the betterment act, but under the provisions of the Gen. Sts. c. 43, § 16."

The jury returned a verdict that the petitioner had sustained no damage ; the verdict was certified to and accepted by the Superior Court ; and the petitioner appealed.

*P. Simmons*, for the petitioner.

*J. White*, for the respondent.

GRAY, C. J. The questions presented by this case are more numerous than novel or difficult.

1. The betterment act of 1871, *c.* 382, § 1, does not repeal § 16 of the highway act, Gen. Sts. *c.* 43, but expressly recognizes it as still in force. *Green* v. *Fall River*, 113 Mass.

2. The proceedings of the selectmen are alleged in the petition to the county commissioners for a jury to have been for the alteration of a town way; the trial was by a sheriff's jury, and the verdict was certified to and accepted by the Superior Court accordingly. Having been treated by that court as proceedings under the highway act, they cannot be considered by this court as proceedings under the betterment act. *Allen* v. *Charlestown* 109 Mass. 243. If the proceedings of the selectmen had been under the betterment act, the trial by jury must have been had at the bar of the Superior Court. St. 1871, *c.* 382, § 7.

3. The direction requested as to the benefits to be set off was rightly refused, because it excluded all benefits whatever that affected any other estate besides the petitioner's. The direction given in answer to that request was in the very terms of the Gen. Sts. *c.* 43, § 16. It was explained by the first direction of the presiding officer, which excluded all benefits " common to the petitioner and others owning land on or in the vicinity of said way," and was quite favorable enough to the petitioner. *Allen* v. *Charlestown*, 109 Mass. 243. *Upham* v. *Worcester*, 113 Mass. *Green* v. *Fall River*, Ib.

4. The direction originally given — that if, prior to the laying out of the town way, the owners of the land had opened a way at the same place, and permitted the public to use it for twelve years, it did not become a public way until laid out and established by the town — was afterwards modified, at the request of the petitioner, by directing the jury that if it had been so opened for the use of the public, with the intention that it should be used as a public way, and it had been used by the public, with the assent of said owners, for twelve years, the jury might infer that it was dedicated to the public use, and the petitioner and other abutters would have a right to pass over it to and from their estates. If there was any error in the direction as thus modified, it was in being too favorable to the petitioner. St. 1846, *c.* 203, § 1. Gen. Sts. *c.* 43, § 82. *Morse* v. *Stocker*, 1 Allen, 150.

5. The burden of proof was on the petitioner to prove his right to the damages which he claimed. If he relied on a previous legal right of way to increase or prevent the diminution of those damages, the burden was upon him to prove it, and the jury were rightly so directed.

6. The direction that the jury should not regard only the use to which the petitioner's land was applied by him, but "must take into consideration the more advantageous use to which the property may be applied in consequence of opening the new street," was correct. It did not, rightly construed, and taken in connection with the other directions upon the same point, declare that the use for a street would necessarily be more advantageous, but left it to the jury to consider whether this use, to which the property might be applied, would be more advantageous.

7. The direction that the jury should estimate the damages upon the basis of the continuance of the present grade, and not upon any speculative grade in the minds of the witnesses, was given in substance, and in nearly the same words in which it was requested. The jury, in assessing damages under the highway act, had nothing to do with the question what might thereafter be done under the betterment act; and the refusal, in proceedings under the one, to direct them as to what might be done under the other, afforded the petitioner no just ground of complaint. *Upham* v. *Worcester*, 113 Mass.

8. The witness who had been a selectman and assessor of the town was rightly permitted to testify to the difference in the market value of the petitioner's estate before and after the laying out of the town way, supposing this way to be made. *Shaw* v. *Charlestown*, 2 Gray, 107. *Dickenson* v. *Fitchburg*, 13 Gray, 546. *Swan* v. *Middlesex*, 101 Mass. 173.

9. The other witness was rightly permitted to state the reasons of his opinion as to the increase in value of the petitioner's estate. *Dickenson* v. *Fitchburg*, 13 Gray, 546. The nature of those reasons affected only the weight of his testimony.

*Judgment accepting the verdict affirmed.*