JOHN DEMERRITT *vs.* ELLEN M. RANDALL & others.

Suffolk.    November 19. — 21, 1874.   WELLS & DEVENS, JJ., absent.

On the issue whether a will offered for probate was executed by the testator, the opinion of experts in handwriting as to the genuineness of the signature, formed by comparing it with other instruments proved to have been signed by the testator, is competent evidence, and such witnesses may give the reasons of their opinion.

How many times the same question shall be repeated on cross-examination, and how far the witness shall be compelled to answer, are matters within the discretion of the presiding judge, and not subjects of exception.

APPEAL from a decree of the Probate Court, admitting the will of Sarah S. Ireland to probate.

At the trial before *Morton*, J., one of the questions in issue was, whether the testatrix executed the will; the attesting witnesses and two other persons testifying for the proponent that they were present and saw her sign the whole of her name to the instrument.

The appellants put in evidence a prior will and codicil of the said Ireland, which were admitted in evidence.   The proposed will was also put in evidence.   The appellants then called experts in handwriting, who testified that in their opinion, formed by comparison of the signatures in these instruments, and in other instruments proved to have been signed by the testatrix,  she did not sign the proposed will, that it was not her signature, and was not signed by the same person who signed the other instruments in evidence.   One of these experts, one Southworth, was asked, upon comparing the signatures to the other instruments in evidence, and referred to as standards with the signature to the proposed will,  " Which  exhibits  the  greater  ease  and  facility  of  writing ? " His answer was,  " The signature to the will shows the most ease, the most skill and cultivation of the art of penmanship."    This question and answer were admitted under objection.

One Sawyer, another expert, testified, under objection, that the signature to the will was not, in his opinion, written by the same hand as the signatures to the other writings ; that it was entirely unlike, and could not have been written by the same hand.   Other experts, witnesses for the appellants, were asked, under objection, similar questions, and gave substantially the same answers.

In the cross-examination of one of the experts for the appellants, who had given his evidence in the same way against the signature of the will, he was asked whether he had compared the signature with the rest of the writing on and in the will. He said he had not. He was asked further to look at and examine the rest, and state whether the handwriting in the signature to the will was the same or similar to any of the rest found on the instrument, or in the body of it. He declined to express an opinion, and said he could not express an opinion without a critical examination. He was asked repeatedly in the cross-examination to look at the rest and compare the handwriting upon the stand, or to take it and look at it so as to express an opinion, or to express any opinion about it, and his attention was called to it; but he repeatedly declined doing so, stating that he could not form an opinion without a critical examination of the instrument. The question was repeated again, and the judge ruled that it should not be again put, and declined to order the witness to answer further, to which exceptions were alleged.

The executor proved in whose handwriting the rest of the instrument was. The jury found for the appellants, and the executor alleged exceptions.

*A. A. Ranney*, for the executor.

*H. G. Hutchins*, for the appellants.

GRAY, C. J.    The experts were rightly permitted to testify to their opinion of the genuineness of the signature of the testatrix, and to their reasons for such opinion. *Moody* v. *Rowell*, 17 Pick. 490. *Commonwealth* v. *Webster*, 5 Cush. 295. *Keith* v. *Lothrop*, 10 Cush. 453.

How many times the same question should be repeated on cross-examination, and how far the witness should be compelled to answer, were matters within the discretion of the presiding judge, and not subjects of exception.    *Exceptions overruled.*