## WILLIAM L. BURT *vs.* EDWARD WIGGLESWORTH.
## SAME *vs.* THOMAS WIGGLESWORTH.

Suffolk.   March 4, 5. — 11, 1875.   MORTON & ENDICOTT, JJ., absent.

It is within the discretion of the presiding judge to order several petitions against different owners of land taken for the public use under the St. of 1873, *c.* 189, § 2, to be tried together in accordance with a previous oral agreement of the parties.

In a proceeding under the St. of 1873, *c.* 189, § 2, to estimate the value of the land thereby authorized to be taken by the United States for a post-office in Boston, the owners thereof have the right to open and close without regard to the question by which party the petition is filed upon which the trial is had.

Upon the issue of the value of vacant land taken pursuant to the St. of 1873, *c.* 189, for a post-office in Boston, the testimony of an expert as to what would be the fair rental value of the land with a suitable and proper building upon it is inadmissible.

Upon the issue of the value of land taken, pursuant to the St. of 1873, *c.* 189, for a post-office in Boston, previous proceedings of the municipal authorities showing that improvements not then made were contemplated in the streets in the vicinity, are not admissible as independent evidence of the market value of the land at the date of the petition

TWO PETITIONS filed April 16, 1873, under the St. of 1873, *c.* 189, § 2, by the agent employed by the United States under said statute, for the valuation of the respondents' lands, which had been appropriated to the use of the United States for the enlargement of the post-office in Boston. Each respondent filed an answer, admitting all the material allegations of the petition, and requesting to have the assessment made as provided by the statute. Trial in the Superior Court before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

At a previous hearing before the presiding judge in reference to these cases and others of like kind, whether they should all be heard the present term, the judge decided that they should all be tried at this term ; when it was orally agreed between the counsel for the petitioner and the counsel for the respondents, that these two cases should be tried together ; the agreement was confirmed by the judge, and a single venire afterwards was issued for jurors to try the said cases. After the return of the venire, and after the jury summoned to try these two cases were called in court on the day appointed for trial, but before they were sworn, the petitioner objected to trying these two cases together ; but the judge ordered them to be tried together, by one jury, on the ground of the agreement aforesaid, but separate valuations to be made of each estate by separate verdicts.

The petitioner claimed the right to open and close in each case ; but the judge ruled that the respondents should open and close ; and they did.

The respondents called Joseph Comer, an expert, as a witness, and, while stating his reasons for the value he had given, asked him, " What would be the fair rental value of the land of each of said respondents with a suitable and proper building upon it ? " The petitioner objected, the judge overruled the objection and allowed him to testify what in his judgment would be a fair rental of each estate described in the petition, with a suitable building upon it. The witness answered, " eight per cent. on the whole investment, calling the land $50 a foot."

The respondents offered in evidence resolves passed by the common council on March 6, 1873, declaring that they approved of the resolves and orders for the widening of Milk Street, the widening and extension of Pearl Street, and the widening of Con-

gress Street between Water and Broad Streets ; and that the said council thereby assured the property owners affected by the contemplated changes in the lines of the foregoing streets, that the said resolves and orders would be adopted as soon as the other orders with which they were necessarily connected could be prepared and considered. They also offered in evidence the resolves and orders referred to, to wit, a resolve and order for the widening of Congress Street between Water and Broad Streets, which was passed by the street commissioners February 27, 1873, and by the board of aldermen the same day ; also resolves and orders for the widening of Pearl and Milk Streets, which respectively passed the street commissioners February 27, 1873, and the board of aldermen the same day. The respondents were confined to proof of proceedings prior to the filing of the petition in these cases, to wit, April 16, 1873 ; and they admitted that in fact no widening or extension of either of the streets was made, or any final vote therefor actually passed, making the widenings or extensions, until after April 16.

To the admission of all these records and proceedings the petitioner objected ; but the judge overruled the objection, and admitted the testimony ; and the following portions of said orders thus put in evidence were read, the petitioner waiving the reading of the remainder. " That the safety and convenience of the inhabitants of the city require that Congress Street should be widened between Water and Broad Streets, and for that purpose it is necessary to take and lay out as a public street or way of said city, a parcel of land belonging to Rufus G. Norris," &c. Also, " The safety and convenience of the inhabitants of the city require that Pearl Street should be widened and extended to Congress and Water Streets, and for that purpose it is necessary to take and lay out for a public street or way of said city, a parcel of land belonging to the heirs of John Tappan."

The petitioner requested the judge to give the following instructions to the jury : " 1. That in no event should the present actual fair cash market value of either of said parcels of land, on April 16, 1873, be increased by any real or supposed prospective or future value of either of said parcels of land. 2. That if the jury are instructed that in estimating the present actual fair cash market value of either of said parcels of land, on April 16, 1873·

they are to take and include as an element of value any prospective or future value of either of said parcels of land, by reason of widening of streets, to be done or supposed to be done but not then done, but subsequently and before the trial to the jury actually done by the city of Boston, then the petitioner requests the court to rule that, in such case, a suitable and sufficient deduction should be made by the jury from such adjudged value to the extent of the betterment, if they believe any is to be assessed for such widening of streets actually done at the time of trial. 3. That if the jury are instructed as assumed in the second prayer, then the petitioner, in addition, requests the court to rule that the taxes assessed upon said land by the city of Boston, for the year 1873, and the betterments which may be assessed by said city of Boston, by reason of widening Milk and Congress Streets, done after the filing of the petitions in these cases, are several liens upon said parcels of land, and if unpaid must be paid, and should be deducted from the value of the land as determined by the jury against the petitioner as aforesaid."

The judge gave the first instruction with these additions: "But in determining what was the fair cash market value at that date, the jury may consider the proceedings of the city authorities, introduced in evidence, and the general public expectation of such improvements, if and so far as the same is proved; and if it would in their judgment have influenced the views of buyers and sellers at that date. You observe that it is, as prayed for by the petitioner, the actual fair cash market value at the time; but in determining that, you have a right to take into view all the circumstances that could have fairly influenced the minds of buyers and sellers at that date. So that it is important on the one hand that you take into account the date to which the price is to be referred; and on the other hand, you are to stand there with all the means of knowledge of the future which a buyer or seller might be supposed to have had at that time."

The judge declined to give the second and third instructions, upon the ground that the jury had not been instructed as therein assumed. The petitioner alleged exceptions.

*G. P. Sanger & G. A. Somerby*, for the petitioner.

*G. O Shattuck & E. J. Holmes*, for the respondents.

GRAY, C. J.   1. It was clearly within the discretion of the presiding judge to hold the parties to their agreement to try the two cases together, if indeed it would not have been within his discretion to order such a trial independently of any agreement. St. 1873, c. 189, § 2.   *Springfield* v. *Sleeper*, 115 Mass. 587.

2. This proceeding is not like an ordinary action at law.   Although the petition of the agent of the United States is the first step in the proceeding, nothing is submitted to the jury but the appraisement and valuation of the land to be taken.   The affirmative of that issue rests upon the owners of the land, and, as in other cases of the assessment of compensation to be made for private property or rights taken for the public use, they have the right to open and close, without regard to the question by which party the petition is filed upon which the trial by jury is had. St. 1873, c. 189, § 2.   *Parks* v. *Boston*, 15 Pick. 198, 208.   *Connecticut River Railroad* v. *Clapp*, 1 Cush. 559.   *Winnisimmet Co.* v. *Grueby*, 111 Mass. 543.   *Burt* v. *Merchants' Ins. Co.* 115 Mass. 1, 14.

3. The matter to be determined by the jury was the market value of the land at the time of the filing of the petition.   *Burt* v. *Merchants' Ins. Co.* 115 Mass. 1.   In estimating that value, the jury might doubtless take into consideration the uses to which the land might probably be applied.   And witnesses acquainted with the market value of the land in its existing condition at that time might testify to the fact of what that value was, and state their reasons for their opinion.   *Dickenson* v. *Fitchburg*, 13 Gray, 546. *Sexton* v. *North Bridgewater*, 116 Mass. 200.

But testimony as to what would be the fair rental value of the land with a suitable and proper building upon it related to mere matter of opinion as to the future, not of present fact, and was too prospective and indefinite in its nature to be competent evidence of the present value of the land, not built upon.   *Fairbanks* v. *Fitchburg*, 110 Mass. 224.   *Brown* v. *Providence, Warren & Bristol Railroad*, 5 Gray, 35, 39.   *Wesson* v. *Washburn Iron Co.* 13 Allen, 95, 100.   The statement of Comer upon this point was not given by him as one of the reasons upon which his opinion as to the value of the land was founded, but in answer to a distinct question of counsel, which should have been excluded by the presiding judge.

The inchoate proceedings of the city council, showing that certain improvements were contemplated to be made by the municipal authorities, which had not been made at the date of the petition, were not competent as independent evidence to show what the market value of the land was at that date. *Cobb* v. *Boston*, 112 Mass. 181.

The admission of the testimony of Comer and of the municipal resolves and orders requires the verdict to be set aside.

*Exceptions sustained.*