HENRY C. HAWKINS & another *vs.* CITY OF FALL RIVER.

Bristol.    October 29, 1875.    WELLS & MORTON, JJ., absent.

Upon the assessment of damages sustained by the taking of land for a highway, a witness who has testified without objection to the value of the land taken, may state the reasons of his opinion.

PETITION to the county commissioners for a jury to assess damages for the taking of land by the respondent to widen Pleasant Street, in Fall River.

At the trial before a sheriff's jury the respondent called one Franklin L. Almy as an expert, to testify to the value of the land taken by the city, and he was permitted to testify thereto without objection, having known of sales of land at or about the time of the taking. The respondent then asked him the following question : " How did you get at your opinion of the market value ? " The petitioners objected, and the sheriff excluded the question ; and the respondent excepted. The jury returned a verdict for the petitioners, which was certified to the Superior Court. In that court the verdict was set aside on motion of the respondent, and the petitioners appealed to this court.

*J. C. Blaisdell*, for the petitioners.

*J. M. Morton, Jr. & M. Reed*, for the respondent, were not called upon.

BY THE COURT. The refusal of the sheriff to permit the witness Almy to state the reasons of his opinion was erroneous. The point has been repeatedly decided, both as to witnesses testifying to value, and as to experts strictly so called. *Commonwealth* v. *Webster*, 5 Cush. 295.    *Keith* v. *Lothrop*, 10 Cush. 453. *Dickenson* v. *Fitchburg*, 13 Gray, 546.    *Lincoln* v. *Taunton Copper Co.* 9 Allen, 181.    *Sexton* v. *North Bridgewater*, 116 Mass. 200. *Demerritt* v. *Randall*, 116 Mass. 331.

*Judgment setting aside the verdict affirmed.*