IN THE MATTER OF THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY, *v.* WINSLOW M. BELL, APPELLANT, IMPLEADED WITH CHARLES SMITH AND OTHERS, RESPONDENTS.

*Railroad company — acquisition of land by it — rule for estimating the damages for taking a portion of a leasehold estate — the possibility of the lessee's being able to acquire additional land cannot be considered.*

A railroad company sought to acquire title to a portion of certain· premises which had been leased to one Bell for a term of five years from May 1, 1880. He used them for manufacturing fleece and plush linings. The portion needed by the company was used as·a drying ground for the manufactured articles. Bell and his son claimed that it was peculiarly well adapted for that purpose: that with it such leasehold estate was worth $200 a year more than the rent reserved ($300), and that without it the premises would be worth $200 a year less than the rent. No evidence directly contradicting this estimate of value was given. There was evidence to show that there was only one other place which could be used for that purpose. It was proved, against Bell's objection, that the lessor had offered him another drying place at the same rent, at any place on the hillside⁴where the factory stood. The commissioners allowed to Bell the sum of $100, being at the rate of about thirty-five dollars a year.

*Held,* that it was error to allow the lessor's offer of another drying ground to be proved, first, because the testimony was in no way binding upon him, and he might subsequently refuse to make the lease; and second, because it was in effect paying the compensation for the land taken partly in other real estate, while the law requires it to be paid in money.

That the report of the commissioners should be set aside.

Although in estimating the value of the property, less the piece taken by the company, the surrounding premises and the possibility of procuring additional land if needed, might be considered among other circumstances, yet such a possibility is contingent and too uncertain to enter into the element of the compensation to be made by the commissioners.

APPEAL by Winslow M. Bell from the appraisal and report of commissioners appointed to appraise the damages to be awarded for the taking of certain land for railroad purposes, and from an order made at Special Term confirming the same.

The New York, West Shore and Buffalo Railway Company took proceedings to acquire title to lands in the county of Ulster, of which Clark Smith and others were the owners, and of a part of which the appellant, Winslow M. Bell, was tenant for a term of years, for the purposes of constructing its road. Commissioners

were appointed and hearings were had before them.   On the hearing before the commissioners there was no contest between the owners of the land and the railway company, they having agreed upon the price to be paid for the right of way.   The only question litigated was how much of the $2,000 agreed to be paid for such right of way should be allowed to the tenant, the appellant.

*Schoonmaker & Linson*, for the appellant.

*J. L. Westbrook*, for the respondents.

LEARNED, P. J.:

The three pieces of land were used for one business, and were hired under one lease.   It was proper, then, to consider the injury to the property as a whole, caused by taking one or a part of one of the pieces.   That is a rule which has been repeatedly acknowledged.   (See, in this connection, *Henderson* v. *N. Y. C. and H. R. R. R. Co.*, 78 N. Y., 423.)

The inquiry to ascertain the damages should be, what is the property (in the present case the leasehold interest) worth now, and what will it be worth after the railroad shall have taken the part in question?   The difference is the damages.   (*Troy and Boston R. R. Co.* v. *Lee*, 13 Barb., 169 ; *Matter of P. P. and C. I. R. R.*, 20 N. Y. S. C. [13 Hun], 345.)

Bell had a lease of the premises for five years from May 1, 1880 ; perhaps with a privilege of renewal for five more.   The rental was $300.   The piece needed by the railroad was used as a drying ground for the manufactured articles.   And it was claimed to be peculiarly adapted for that purpose.   There was evidence that there was only one other place which could be used for that purpose.

The testimony of Bell and of his father was that that leasehold estate was worth $500 per annum, *i. e.*, $200 more than the rent ; that with the piece taken away it would be worth only $100 per annum, *i. e.*, $200 less than the rent.   This estimate was based in part on improvements made by the tenant, and in part on the alleged peculiar advantages of the situation.   The manufacture is that of fleece and plush linings, used principally for lining gloves and mittens, and sold to glove manufacturers, largely in Fulton county.   It was proved, under objection by Mr. Bell, that the lessor

had offered him another drying place at the same rent, at any place on the hillside where the factory stands.    Mr. Bell claims that no place is so accessible as the present.

The commissioners allowed to Mr. Bell the sum of $100, and to the owners in fee $1,900.    The allowance to him, assuming that he had no right of renewal, must have been about thirty-five dollars per year.

There seems to have been no evidence which directly contradicted the estimate of value given by Mr. Bell and his father.    The company appear to have relied, in order to reduce the damages, upon the proof, disputed by Mr. Bell, that he could obtain from his lessors another place for a drying ground.

On this point we may say in the first place that the testimony of the lessors that they were willing to lease Mr. Bell another piece ought to have no weight.    This testimony was in no way binding upon them, and, after this ground had been taken, they could refuse to lease any other, or could insist on an exorbitant rent.

And this evidence is unfair in its effect.    To illustrate, let us suppose that a man had a farm on which was a spring needed for the use of the farm ; a railroad take proceedings to procure land which includes the spring.    On the hearing they offer to show that a neighboring farmer is willing to allow the defendant the use of another spring.    This would be improper.    First, because the mere expression of willingness is not binding ; second, because the effect is to pay the compensation for the land to be taken partly in other real estate.

A railroad company cannot take a man's land compulsorily and give him only another piece of land in exchange.    In the present case the railroad could not take Mr. Bell's land without payment, on giving him another piece which the commissioners should consider equally valuable.    Nor can they take his land and give him another piece, paying the difference.    If not, then by what justice can the commissioners be influenced by the willingness of the lessors to lease another piece to Mr. Bell?    He is entitled to have his damages compensated in money, not in land.

Very possibly one who was estimating the value of the property, less the piece taken by the railroad, might consider, among other circumstances, the surrounding premises and the possibility of pro-

curing additional land if needed.   But such possibility is contingent and is too uncertain to enter into the element of compensation to be made by the commissioners.

As illustrating these views we may refer to *Burt* v. *Wigglesworth* (117 Mass., 302); *Dorlan* v. *East Brandywine and Waynesburg Railroad Company* (46 Penn. St., 520).

On an examination of the whole case we are of opinion that there was such error; that the order and report should be set aside as to Mr. Bell and a new appraisement made as to him by new commissioners to be appointed by the Special Term, costs of the former proceeding and of the appeal to abide the event.

Present — LEARNED, P. J., and BOCKES, J.

Order reversed and commissioners discharged; new commissioners to be appointed by Special Term; costs to abide event.