LEWISTON STEAM MILL COMPANY

*vs.*

ANDROSCOGGIN WATER POWER COMPANY.

Androscoggin.    Opinion June 7, 1886.

*Expert testimony.   Reasons.*

An expert may give his reasons for his opinion in his examination in chief as well as the opinion itself.

ON EXCEPTIONS.

The opinion states the case.    The verdict was for the plaintiff for the sum of nine hundred and sixty-three dollars and four cents.

*Savage and Oakes,* for the plaintiff.

It is not open to one who uses an expert to bolster up his opinions by giving his reasons.    On cross-examination they may be inquired into or not as the cross-examiner chooses.    The expert's opinion simply is all that he is permitted to give on direct examination.

*Frye, Cotton and White,* and *Newell and Judkins,* for the defendant cited: *Sexton* v. *Bridgewater,* 116 Mass. 200.

VIRGIN, J.    This is an action on the case brought under the provisions of R. S., c. 42, § 6, to recover a reasonable compensation for driving, in the spring of 1884, from Gilead and other landings below, on the Androscoggin river, to Canton and Lewiston, a certain quantity of the defendant's logs with which those of the plaintiff became so intermixed that they could not be conveniently separated for the purpose of being floated to the place of manufacture.

The plaintiff made two drives, denominated by the witnesses as "head drive" and "rear drive," the former having started April 19, and reached Canton May 9, and the latter several days later, both containing intermixed logs of both parties.

Among other things, the defendant claimed (in the language

of the presiding justice in his charge) "that a head drive was injurious to the defendant because he did not get the remaining portion of his logs so soon as he might otherwise have done," and the judge instructed the jury that they might properly take this matter into consideration.

On this branch of the case the defendant interrogated several expert witnesses, and among them Calvin Turner, who testified that he had charge of drives on that river twenty-three springs, including that of 1884. In answer to a question put by the defendant, objected to by the plaintiff, but admitted by the court, he testified that, taking into consideration the driving pitch on April 19th, it was not good judgment to make a head drive. On being asked by the defendant's counsel for his reasons, he answered, "Because you have the work to do twice; it is going over the ground twice when you would not but once." This answer, on objection by the plaintiff's counsel, was excluded and exception allowed. The plaintiff's only objection urged at the argument was that it is not competent in the examination in chief, to call out the reasons for the opinion of an expert. The opinion only is all that he who asks for it is entitled to, though the reasons or grounds of it may or may not be inquired into on cross-examination.

We are of opinion that the answer was admissible and should not have been excluded. The mere naked opinion of the witness, notwithstanding his large experience and extensive opportunity for observing the facts connected with the driving of that river, might or might not, unexplained, be considered of much weight by the jury; while the grounds of his opinion, though involving simple facts of general notoriety, would enable the jury to "perceive the force of his reasoning, the soundness of his logic, and therefore judge of his capacity to give an opinion on the subject, the correctness of his conclusions, and consequently the weight due to his opinion." *Keith* v. *Lothrop*, 10 Cush. 453; *Dickenson* v. *Fitchburg*, 13 Gray, 546; *Lincoln* v. *Taunton Cop. Co.* 9 Allen, 181; *Sexton* v. *Bridgewater*, 116 Mass. 200; *Hawkins* v. *Fall River*, 119 Mass. 94. If the reasons on which the intelligent opinion of an expert is founded

can only be furnished to the jury by cross-examination, this case makes it evident that as wise a counselor as the plaintiff's, would never "give aid and comfort" to his adversary by such a cross-examination.

*Exceptions sustained.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.

LIBBEY, J., did not concur.