DAVIES L. KENLY, ANNA T. KENLY, His Wife,
AND WILLIAM P. TOWSON, Mortgagee,

*vs.*

WASHINGTON COUNTY RAILROAD COMPANY.

*Corporations: charter powers; by reference to charter of other
corporations. Washington County Railroad.
Condemnation rights.*

By the Acts of 1864, Chapter 334, the Washington County
Railroad Company was incorporated and invested with all the
rights and powers necessary to construct a road or roads from
Hagerstown to any point on the line of the Baltimore and Ohio
Railroad east of Harper's Ferry; among the powers expressly
given were those of condemnation; the Act was silent as to the
power to build branch or lateral roads, or to condemn land for
that purpose; by the Acts of 1866, Chapter 64, the road was
given all the rights and powers, privileges, etc., which the Balti-
more and Ohio Railroad Company had in relation to its rail-
road from Baltimore to the Ohio River; by its Charter, Chap-
ter 123 of the Acts of 1826, the Baltimore and Ohio Railroad
had the power to build lateral or branch lines, and to condemn
land therefor: *Held,* that:

By the reference to the charter of the Baltimore and Ohio
Railroad Company, the Washington County Railroad Company
was given the right to build lateral or branch lines and power
to condemn therefor. p. 4

Powers and privileges may be given, by Act of the Legisla-
ture, to one corporation by reference to the charter powers of
another. p. 4

The object of condemnation proceedings is to take the land and the burden of proof is not upon the landowner, but upon the petitioner, who is the moving party.                               p. 6

The erroneous exclusion of evidence can not be ground for reversal, when the same evidence was elsewhere admitted at the same trial without objection.                               p. 8

*Decided June 14th, 1916.*

Appeal from the Circuit Court for Washington County. (KEEDY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON and STOCKBRIDGE, JJ.

*C. A. Little,* for appellants.

*Francis Neal Parke* (with whom were *James A. C. Bond* and *H. H. Keedy* on the brief), for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellee, the Washington County Railroad Company, owns and operates a railroad between Hagerstown and Weverton, in Washington County, Maryland. That company in these proceedings is seeking to condemn certain lands for a branch or lateral road starting at a point upon its main line near the southern limits of Hagerstown and ending at Security. The land sought to be condemned belongs to the appellant, Anna T. Kenly, wife of Davies L. Kenly, and upon said land William P. Towson holds a mortgage.

The chief questions presented by this appeal are, first, whether the appellee company is authorized and empowered under its charter provisions to condemn land for the construction and use of a *branch* or *lateral* road; and second, which of the parties to these proceedings has the right to open and close the case. The first of these questions was first raised by demurrer to the first paragraph of the plaintiff's

petition in which the power of the plaintiff to construct
branch or lateral roads and to condemn lands for such pur-
pose is alleged; and upon its being overruled, the question
was again raised by demurrer to the first paragraph of the
defendant's answer, which was sustained. We will in this
case treat this question as properly raised by these demurrers,
although we are not to be understood as so deciding. The
second question was raised by the defendant's motion, which
was overruled, asking that they be permitted to open and
close the case.

First. The appellee company was incorporated or char-
tered by Chapter 334 of the Acts of 1864. By that Act it
was "invested with all the rights and powers necessary to con-
struct a road or roads from Hagerstown to any point on the
line of the Baltimore & Ohio Railroad east of Harper's
Ferry within the limits of Frederick or Washington County,
in the State of Maryland." In the construction of the road
therein mentioned the power of condemnation was specially
conferred upon the company. The Act, however, was silent
as to the company's authority and power to construct branch
or lateral roads and its power to condemn for such purposes.
But Chapter 64 of the Acts of 1866, which amended the
original charter, provided that "the Washington County
Railroad Company shall have and exercise, in the survey,
location, construction and use of the said railroad, and other-
wise, all the powers, rights, privileges and immunities which
the Baltimore & Ohio Railroad Company was and is author-
ized to have and exercise in relation to its railroad from the
City of Baltimore to the Ohio river."

The charter of the Baltimore & Ohio Railroad Company,
Chapter 123 of the Acts of 1826, conferred upon that com-
pany the power and authority "to make or cause to be made
lateral railroads, in any direction whatsoever in connection
with said railroad from the City of Baltimore to the Ohio
river, and in the construction of the same, or their works,
shall have, possess and may exercise, all the rights and powers
hereby given them in order to the construction or repair of

the said railroad from the City of Baltimore to the Ohio river."

It is by virtue of the aforegoing provision of the Amendatory Act of 1866 authorizing and empowering the Washington County Railroad Company to exercise "in the survey, location, construction and use" of its road, *"and otherwise,* all the powers, rights, privileges and immunities" that were conferred upon the Baltimore & Ohio Railroad Company by its charter in relation to its railroad, that the plaintiff claims the power and authority to condemn the land in question for the construction and use of said lateral or branch road.

The effect of the reference made by the Amendatory Act of 1866 to the charter of the Baltimore & Ohio Railroad Company was to make the provisions of the charter of the latter company, to which allusion or reference is made, a part of the charter of the Washington County Railroad Company. *Hamilton* v. *The Annapolis & Elk Ridge Railroad Co.,* 1 Md. 553; *George's Creek Coal and Iron Co.* v. *New Central Coal Co.,* 40 Md. 433; *Baltimore & Ohio Railroad Co.* v. *Waters,* 105 Md. 397.

The additional powers conferred upon the appellee company by the reference to the Charter of the Baltimore & Ohio Railroad Company embraces all the powers, rights, privileges and immunities possessed by it in respect to the survey, location, construction and use of its road and *otherwise,* and includes, we think, the power and authority to construct lateral or branch roads to be used in connection with its main line and to exercise the power of condemnation in the construction of such lateral or branch roads.

Second.  As to the second question presented by this appeal the decisions in the different States are not in accord, but as this question depends very much upon the statutes in force in the different jurisdictions, this want of harmony may be largely owing to the difference in the provisions contained in such statutes. So far as we are informed this question has never been presented to this Court for its determination, although it has been the universal practice in the Courts

of this State to accord to the petitioner in condemnation proceedings, both under the present and prior statutes, the right to open and close the case. This question however was in 1900·decided by the Circuit Court for Frederick County in the case of *Baltimore & Ohio Railroad Co.* v. *Henry Wilson,* No. 1802 Miscellaneous Docket of that Court. In that case JUDGE McSHERRY, the late Chief Justice of this Court, in the opinion prepared by him, and concurred in by his associates, JUDGES MOTTER and HENDERSON, discusses this question with his usual force and clearness. In it he says: "The ninth objection attacks the validity of the inquisition because the sheriff refused to allow the land owner's counsel to open and conclude the case before the jury. In support of this contention we were referred to *Lewis, Em. Dom.,* sec. 426; *Burt* v. *Wigglesworth,* 117 Mass. 302; *Conn. River R. R. Co.* v. *Clapp,* 1 Cush. 559. Lewis lays down the broad proposition that the landowner has the burden of proof upon him and is therefore entitled to open and conclude. The Massachusetts cases decide the same thing; and those decisions are clearly right under the Massachusetts statutes, but not under ours. By the statute law of Massachusetts and some other States the mode of procedure is radically different from that which prevails in Maryland. In Massachusetts railroad companies are, or at least when these cases were decided, were, required to file with county commissioners of each county through which the road was proposed to be constructed, a plat and survey showing its location; and this act was considered a *taking* of the land included within the lines of the location thus filed. *Davidson* v. *Boston & Main R. R.,* 3 Cush. 91. The landowner if he wished to claim damages was obliged to file a petition with the County Commissioners asking a valuation and then he had a right to demand a jury trial and was given an appeal to the Superior Court. The mere filing of the location fixed the right to damages, but it became the duty of the landowner to begin the proceedings for the assessment of them; and he alone could institute that proceeding. *Drury* v. *Midland R. R.,* 127 Mass. 571, 578;

*Boynton* v. *P. & S. R. R.*, 4 Cush. 467. Obviously under such conditions the landowner was plaintiff and was entitled to open and close. But we have no such practice in Maryland. Here the company inaugurates the proceedings and it is the actor throughout. The landowner is passive until the company causes the warrant to issue; and the proceeding is always instituted to enable the company *to take* the land as well as to ascertain the amount of the damages to be paid to the owner. As the object is *to take* the land, the landowner can not be said to have the burden of proof on him. In 1 *Thompson on Trials,* sec. 247, it is said: 'In a proceeding to condemn land for public uses and for the assessment of the compensation to be made to the landowner, the petitioner holds the affirmative of the issue, and consequently has the right to begin and reply, both in the introduction of evidence and in the argument to the jury. The reason is that the petitioner, the party seeking to condemn the land, is the moving party.' The same rule is given in *Randolph on Em. Dom.,* sec. 343. This has been the unbroken practice in Maryland and is believed to prevail wherever there is no special statute prescribing, directly or by implication, a different course. The following cases decide that the condemning party has the right to open and close. *Montgomery So. R. R. Co.* v. *Sayre,* 72 Ala. 443; *Harrison* v. *Young,* 9 Ga. 359; *Streyer* v. *Ga. S. R. R.,* 90 Ga. 56; *McReynolds* v. *Burlington, etc.,* 106 Ill. 152; *Neff* v. *Reed,* 98 Ind. 341; *Neff* v. *Cincinnati,* 32 Ohio St. 215; *Alloway* v. *Nashville,* 88 Tenn. 510; *Gainesville, etc., R. Co.* v. *Waples,* 3 Tex. Civ. Cases, 409; *Bellingham Bay, etc., R. R.* v. *Strand,* 4 Wash. 311; *Balto. & O. R. R.* v. *Pittsburg, W. & Ky. R. Co.,* 17 W. Va. 812. Generally it may be said that whilst there is some conflict in the decided cases, the sound logical rule appears to be that upon the party who inaugurates the proceeding devolves the burden of proof, and to the same party the right to open and conclude is accorded. In some jurisdictions it is the landowner who must begin the pro-

ceedings, as in Massachusetts; but in this State the corporation seeking to acquire the land must always move first."

It is true this decision was made upon a former statute and not upon the one now in force, but nevertheless, we think it applies with equal force to the existing statute. Under the present statute, Article 33A of the Code (Acts of 1914, Chapter 463) the condemning party institutes the proceedings by filing its petition, in which is set forth a description of the property asked to be condemned and the allegation that the petitioner is unable to agree with the owner or owners as to the value of said land, and asking that said property be condemned.

After the jury is selected and sworn and after they have visited and view the premises, the statute provides that upon the jury's return to said Court "the trial of the issues of law and fact in the case, relative to the right to condemn said land, and the damages which will be occasioned to the defendant owner or owners thereof by the taking, use and occupation thereof by the petitioner, and the amount of just compensation therefor to each defendant, and of all other issues which may properly arise in said case, shall be proceeded with before said Court and jury in the same manner and under the same rules of law and practice, pertaining to the admissibility of evidence, the instructions of the Court, and all other matters arising under said proceedings, as in other civil cases, except as herein otherwise provided."

The plaintiff is no less the actor under the existing statute than under the statute in force at the time the above decision was rendered. The petitioner by this statute is called the plaintiff while the landowner is, by it, termed the defendant. To say the least, the burden is upon the petitioner to show his right and power to condemn, and the necessity for condemning, the lands sought to be condemned, before he is entitled to the relief sought by the petition.

This Court has said in other cases (*Baltimore* v. *Hurlock,* 113 Md. 674; *American Ice Co.* v. *Catherine Fitzhugh et al.,* 128 Md. 382, in determining the question as to who

was entitled in such cases to open and close that the test to be applied is, "that the right belongs to the party against whom judgment would be rendered if no evidence were introduced on either side."

If we apply this test to the case before us it will be shown that the plaintiff was entitled to open and close, for had no evidence been offered, either by the plaintiff or defendant, a judgment should have been rendered against the petitioner.

Third. The evidence excluded under the first exception was thereafter admitted and consequently there was no injury to the defendant because of its exclusion at such time; and we are likewise unable to discover any injury to the defendant by reason of the rejection of the testimony under the second exception even should such testimony be regarded as admissible. The third exception was to the overruling of the defendant's motion, asking that he be permitted to open and close the case. This exception we have already passed upon. The fourth exception was to the refusal of the Court to permit a witness to answer the question "what did you get for the part of the Nigh farm you sold," and the fifth exception was to the action of the Court in not permitting the witness to state the price at which certain lots forming a part of the Kenly farm had been sold. In the fourth exception the witness had merely stated that the Nigh farm was about the same distance from Hagerstown as the Kenly farm, and in the fifth exception he had simply said that several lots had been sold from said farm. There was nothing in either of these statements showing the date of such sales, the location of said lots or the similarity of the lands sold to the lands sought to be condemned, and we can not upon these vague statements of the witness say that the Court below erred in the exclusion of such testimony.

As we find no errors in the rulings of the Court upon the questions presented by the exceptions, we will affirm the judgment of the Court below.

*Judgment affirmed, with costs to the appellee.*