472 A.2d 479

HARFORD BUILDING CORPORATION

v.

MAYOR AND CITY COUNCIL OF BALTIMORE.

No. 658, Sept. Term, 1983.

Court of Special Appeals of Maryland.

March 9, 1984.

Certiorari Denied June 25, 1984.

Pamela K. Loya, Baltimore, with whom were Francis B. Burch, Jr. and Robert J. Mathias, Baltimore, on the brief, for appellant.

Richard K. Jacobsen, Chief Sol., Baltimore City, with whom were Benjamin L. Brown, City Sol., Ambross T. Hartman, Deputy City Sol. and Michael J. Doxzen, Asst. Sol., Baltimore City, on brief, for appellee.

Argued before LOWE, WEANT and GETTY, JJ.

GETTY, Judge.

Harford Building Corporation, appellant herein, seeks to be accorded one of the foremost procedural advantages afforded a plaintiff: the right, as a property owner in a condemnation case, to open and close at trial. Unsuccessful in convincing the trial judge that the property owner has the burden of proving value, appellant contends that we should judicially revise the batting order in condemnation proceedings.

The Mayor and City Council of Baltimore, appellee, filed seven separate petitions for condemnation against appellant between December, 1972 and March, 1978. The purpose was to acquire properties in the Metro Center West area of downtown Baltimore. The City was acquiring a parcel of land to be offered to the Social Security Administration for that agency's planned expansion in and around Baltimore. All of the petitions were filed under the "quick take" provisions included in Sec. 21–16 of the Code of Public Local Laws of Baltimore City. Pursuant to the Code, the City deposited into court the sum of $312,837.00, the amount estimated by the City's appraisers to be the fair market value of the property being acquired. This sum averages $3.10 per square foot of land.

Harford considered the City's valuation to be too low and the parties filed a joint motion for consolidation in order

that a jury could determine the sole issue of value.[1]  Prior to trial, Harford sought, unsuccessfully, the right to present opening and closing argument based upon its perception that it had the burden of establishing that the amount of compensation due and owing exceeded the amount paid into court by the City.  On January 28, 1983, the jury returned an Inquisition setting the total value of the properties at $413,309.00, said sum being $100,472.00 above the amount paid into court by the City.

Harford owned approximately 100,000 square feet of land which was included in the total area offered by the City to the Social Security Administration.  The Harford property had been acquired over a number of years in an effort to assemble large parcels of land for commercial development. The property consisted of:

| | |
|---|---|
| Block No. 574 – | 35,703 sq. ft. |
| Block No. 559 – | 21,745 sq. ft. |
| Block No. 558 – | 24,272 sq. ft. |
| Remaining 3 Blocks – | 19,223 sq. ft. |

The total value of the Harford property, according to its appraiser, was $3,004,694.00.

On appeal, Harford raises two issues:

1.   The property owner has the right to open and close.

2.   The trial court's rulings were inconsistent.

■■■    Issue number two relates to the trial court's refusal to accept into evidence a lease transaction that Harford's appraiser, William H. Baldwin, had capitalized to demonstrate a land value of $31.10 per square foot.  The admissibility of lease transactions whereby the rent is capitalized to arrive at the fair market value of the property is expressly recognized in *Brinsfield v. City of Baltimore,* 236 Md. 66, 202 A.2d 335 (1964).  A trial court has considerable latitude in the exercise of discretion in determining comparable sales in condemnation cases.  *State Roads Comm'n v. Adams,* 238 Md. 371, 209 A.2d 247 (1965).  Whether the trial judge

---

1.  The right and power of the City to condemn was not challenged.

sustained the objection because the acquisition (for a Mc-Donald's restaurant) did not occur until after the City's project was underway is not entirely clear. We note that earlier testimony relating to capitalization of a lease was received without objection. In any event, the alleged error was harmless. Baldwin testified to thirteen comparable sales in arriving at fair market value for the subject property. The sales utilized ranged from $10.00 to $100.00 per square foot; the omission of one lease capitalized at $31.10, therefore, was not critical to his overall valuation. The jury, furthermore, had the opportunity to view all of the land acquired by the City prior to determining the fair market value. The gross disparity between the final figures arrived at by the appraisers for the City and for Harford is attributable to the City's consideration of the land as individual parcels and Harford's conception of the land as assembled blocks. The existence of such divergent opinions as to value is precisely why Article III, Section 40 of the Constitution of Maryland provides that the value of private property taken for public use shall be determined by a jury.

The suggestion that the property owner should have the right to open and close in a condemnation case is not new. See John J. Ghinger, Jr. and John J. Ghinger, III, "Condemnation in Maryland," 30 Md.L.Rev. 301. The authors of that article point out that the condemnor must shoulder the burden of establishing a right to acquire private property for public use, but the condemnee has the practical burden of proving that the condemnor's offer is insufficient. Although "the condemnee becomes, in reality, the constructive plaintiff, . . . he does not have the right to open and close which is given as a matter of right to plaintiffs in every other type of action."

All proceedings for the acquisition of private property for public use are governed by the provisions of the Annotated Code, Real Property, Title 12, and by Subtitle U of the Maryland Rules. Sec. 12–207 sets forth the guidelines to be followed by a public agency acquiring land, including:

(b) the public agency shall make every reasonable effort to acquire land by negotiation;

(c) appraisal shall precede negotiations;

(d) the agency shall establish an amount which it believes to be just compensation, supported by its appraisal, with the basis for the amount disclosed to the owner in writing;

(e) payment of the amount of the appraisal into court; and

(i) institution of a legal proceeding, where necessary.

Rule U3 provides that a condemnation proceeding shall be governed by the rules of procedure and evidence applicable to other actions at law. Procedurally, Rule U4(a) requires that a party seeking condemnation shall be designated as plaintiff and (b) provides that persons having an interest in property shall be designated as defendants. No statutory authority gives a property owner the status of a plaintiff with the corresponding right to open and close a case. We note that a bill which would have given the condemnee the right to open and close was before the Maryland General Assembly at the 1970 Session (S.B.470). The bill, however, was not adopted.

Harford correctly observes that federal law and other state jurisdictions follow the rule it would have us adopt.[2] Whatever the law may be elsewhere, in this state the condemnor inaugurates the proceedings and is the actor throughout. Our rule is stated in *Kenly v. Washington Co. R.R. Co.,* 129 Md. 1, 98 A. 232 (1916):

"The landowner is passive until the company causes the warrant to issue; and the proceeding is always instituted to enable the company *to take* the land as well as to ascertain the amount of the damages to be paid to the owner. As the object is *to take* the land, the landowner can not be said to have the burden of proof on him."

---

2. *See* 29A C.J.S., *Eminent Domain,* Sec. 271 (1965); Nichols, *Eminent Domain,* 3rd Ed. (rev.), Sec. 18.5.

In *Kenly,* the Court quotes with approval 1 *Thompson on Trials,* sec. 247:

> "In a proceeding to condemn land for public uses and for the assessment of the compensation to be made to the landowner, the petitioner holds the affirmative of the issue, and consequently has the right to begin and reply, both in the introduction of evidence and in the argument to the jury."

This has been the unbroken practice in Maryland where there is no special statute, directly or by implication, authorizing a different course.

*Herzinger v. City of Baltimore,* 203 Md. 49, 96 A.2d 3, 98 A.2d 87 (1953), relied on by Harford, is inapposite. That case held that the particular condemnation statute in question shifted the burden to the property owner to establish non-justification for the taking. *Herzinger,* moreover, recognizes the general rule that the condemnor must establish the necessity for the taking.

The requirement of Article III, Sec. 40 of the Constitution requiring that just compensation be awarded by a jury where the parties cannot agree, renders it incumbent upon the condemnor, the City herein, to proceed with the trial of the case. *Baltimore City v. Hurlock,* 113 Md. 674, 78 A. 558 (1910); *Shoop v. Fidelity & Deposit Co. of Maryland,* 124 Md. 130, 91 A. 753 (1914); and *Kenly, supra,* state that the test to be applied is that the right belongs to the party against whom judgment would be rendered if no evidence were introduced on either side. That party is the condemnor.

■ We hold that until the law is amended by statute or rule change, the right to proceed and to close in condemnation cases rests with the condemnor.

JUDGMENT AFFIRMED.

Costs to be Paid By Appellant.